*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0305p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

STELLA TOWNSEND,

               *Plaintiff-Appellant,*

WOLODYMYR CYBRIWSKY; DODD D. DIXON,

          *Plaintiff's Attorneys-Appellants,*

    *v.*

COMMISSIONER OF SOCIAL SECURITY,

             *Defendant-Appellee.*

No. 03-6440

---

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 01-00224—Jennifer B. Coffman, District Judge.

Argued: December 10, 2004

Decided and Filed: July 20, 2005

Before: KENNEDY, MARTIN, and MOORE, Circuit Judges.

---

## COUNSEL

**ARGUED:** Wolodymyr Cybriwsky, LAW OFFICES OF WOLODYMYR CYBRIWSKY, Prestonsburg, Kentucky, for Appellant. Nancy R. Bartlett, SOCIAL SECURITY ADMINISTRATION OFFICE OF GENERAL COUNSEL, Atlanta, Georgia, for Appellee. **ON BRIEF:** Wolodymyr Cybriwsky, LAW OFFICES OF WOLODYMYR CYBRIWSKY, Prestonsburg, Kentucky, for Appellant. Brian C. Huberty, Susan Kelm Story, Dennis R. Williams, Mary Ann Sloan, John Samuel Childs, SOCIAL SECURITY ADMINISTRATION OFFICE OF GENERAL COUNSEL, Atlanta, Georgia, for Appellee.

---

## OPINION

---

    KAREN NELSON MOORE, Circuit Judge. Stella Townsend ("Townsend") and her attorneys appeal from the district court's denial of her request for reimbursement of her attorney fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in this social security benefits action. Because we conclude that equitable tolling is applicable to the EAJA, we **REVERSE** the district court's judgment and **REMAND** the case for further consideration as to whether equitable tolling is warranted in this case.

1

## I. BACKGROUND

On November 19, 1999, Townsend filed an application for supplemental security income on the grounds that she was disabled as a result of "borderline intellectual functioning, vision problems, epicondylitis in her right arm and elbow, anxiety and depression, decreased grip strength in her right hand, and pain in her back, neck, and right arm and shoulder." Joint Appendix ("J.A.") at 8 (Mem. Op. and Order at 1). Townsend's application as well as her motion for reconsideration were denied. Townsend then requested and was granted a hearing before an Administrative Law Judge ("ALJ"). On November 8, 2000, a hearing was held, and the ALJ later affirmed the denial of Townsend's application.

Townsend then filed a complaint in federal district court asserting that the denial of her application was erroneous and was not supported by substantial evidence. Once before the district court, Townsend filed a motion for summary judgment which the district court granted on the grounds that "the Commissioner's decision [was] not fully supported by substantial evidence." J.A. at 15 (Mem. Op. & Order at 7). The district court then entered a judgment on August 7, 2002, reversing the ALJ's decision and remanding the case for further consideration of her mental impairment pursuant to sentence four of 42 U.S.C. § 405(g). J.A. at 16 (J. at 1).

On October 9, 2002, the Commissioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). The Commissioner alleged that there was substantial evidence to support the ALJ's determination and that the district court had committed legal error in its interpretation of the relevant listing of impairments. The motion did not specify which of the six statutory grounds enumerated in Rule 60(b) entitled the Commissioner to relief from judgment. On December 18, 2002, the district court denied the Commissioner's motion. Despite the Commissioner's failure to reference explicitly a specific provision of Rule 60(b) entitling the Commissioner to relief, the district court concluded that the Commissioner was asserting that relief ought to be granted based on a legal error by the district judge. The district court therefore construed the motion as invoking Rule 60(b)(1), which entitles a movant to relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). After determining that the motion should properly be labeled as a Rule 60(b)(1) motion, the court denied the motion as untimely because it had not been filed, as required by decisions interpreting Rule 60(b)(1) motions claiming legal error, before the time for taking an appeal had expired. *See Pierce v. United Mine Workers*, 770 F.2d 449, 451 (6th Cir. 1985) ("A 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal."). Additionally, the district court concluded that even if the motion had been timely, the Commissioner's motion failed to establish that the district court's prior judgment was legally erroneous.

On February 20, 2003, Townsend petitioned the district court to obtain payment of her attorney fees and costs from the government pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(a). The district court denied Townsend's request as untimely. The district court acknowledged that "that the plaintiff's attorneys should be compensated for their valuable legal service," but the court concluded that the EAJA time limits were "jurisdictional in nature and must be strictly construed and enforced." J.A. at 96 (D. Ct. Order at 2). Townsend and her attorneys then filed this timely appeal.

## II. ANALYSIS

Townsend and her attorneys assert that the district court erred in denying her reimbursement of her attorney fees and costs under the EAJA. Normally, we review a district court's decision to award or deny attorney fees pursuant to the EAJA for abuse of discretion. *United States v. Ranger Elec. Communications, Inc.*, 210 F.3d 627, 631 (6th Cir. 2000). Whether a district court has properly concluded that a motion was untimely within the terms of the EAJA, however, is a question

of law which we review de novo. *Peters v. Sec'y of Health and Human Servs.*, 934 F.2d 693, 694 (6th Cir. 1991).

The EAJA provides that prevailing parties in certain federal court proceedings may recover attorney fees and costs from the government. In order to qualify for such reimbursement, however, the EAJA requires that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court" its application for reimbursement. 28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi*, 541 U.S. ---, 124 S. Ct. 1856, 1862 (2004) ("[Section] 2412(d)(1)(B) sets a deadline of 30 days after final judgment for the filing of a fee application.").[1] "Final judgment" is defined by the EAJA as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G).

The district court determined that Townsend's fee application was untimely by using the following calculations: The district court determined that its August 7, 2002 judgment became final for EAJA purposes when that judgment was no longer appealable by the Commissioner. Federal Rule of Appellate Procedure 4(a) establishes that, in a civil case to which a federal officer is a party, the time for appeal ends sixty days after entry of judgment. The district court's August 7, 2002 judgment therefore became unappealable, and hence final within the meaning of the EAJA, on October 7, 2002. Thus, for Townsend's fee application to have been timely, the application ought to have been filed by November 6, 2002, thirty days after the district court's August 7, 2002 judgment became final and unappealable. Because Townsend's fee application was not filed until February 20, 2003, which was over three months after the thirty-day deadline had expired, the district court concluded that Townsend's fee application was untimely.

We do not disagree with the district court's calculations or its selection of the August 7, 2002 judgment as the critical judgment for the purpose of calculating the time limitation. That judgment became final on October 7, 2002, and the thirty-day clock began to run at that time. Instead, we disagree with the district court's determination that it lacked the power to apply equitable tolling under the EAJA because the time limitation was jurisdictional. Admittedly, our past precedent characterized the EAJA's time limitation for fee applications as jurisdictional. *See Ranger*, 210 F.3d at 631. This precedent, however is overruled by the Supreme Court's recent decision in *Scarborough v. Principi,* 541 U.S. ---, 124 S. Ct. 1856 (2004), where the Supreme Court held that the EAJA's "30-day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional.'" *Id.* at 1865. Specifically, the Court concluded that 28 U.S.C. § 2412(d)(1)(B) does not involve subject matter jurisdiction but instead addresses "a mode of relief (costs including legal fees) ancillary to the judgment of a court that has plenary 'jurisdiction of [the civil] action' in which the fee application is made." *Id.* at 1864 (citation omitted). Importantly, the Court also explicitly left open the question of whether the EAJA time limitation for fee applications is subject to equitable tolling. *Id.* at 1869 n.8 ("Because our decision rests on other grounds, we express no opinion on the applicability of equitable tolling in the circumstances here presented.").

Having clarified the posture of the EAJA's time limitation for fee applications, the Court in *Scarborough* concluded that the relation-back doctrine did apply to fee applications under the EAJA and that a delayed amendment to a fee application adding an allegation that the government's position was not substantially justified would relate back to a timely filed fee application. In reaching this conclusion, the Court looked to the longstanding principle that "limitation principles should generally apply to the Government in the same way that they apply to private parties." *Scarborough*, 124 S. Ct. at 1869 (internal quotation marks and citation omitted). After concluding

---

[1]This thirty-day deadline applies to fee applications brought under either 28 U.S.C. § 2412(d)(1)(A) or 28 U.S.C. § 2412(b). *See United States v. Ranger Elec. Communications, Inc.*, 210 F.3d 627, 633 (6th Cir. 2000). Thus, it is irrelevant with respect to timeliness that Townsend argues on appeal that she is entitled to reimbursement under both provisions of the EAJA.

that the relation-back doctrine applied in private litigation, the Court determined that, absent evidence of a contrary congressional intent, the relation-back doctrine properly applied to the EAJA. *See id.* at 1870 ("Once Congress waives sovereign immunity, . . . judicial application of a time prescription to suits against the Government, in the same way the prescription is applicable to private suits, 'amounts to little, if any, broadening of the congressional waiver.'") (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990)). The Court also relied on the fact that there was no evidence that the government would be prejudiced by permitting the relation-back doctrine to apply to the EAJA. *Scarborough*, 124 S. Ct. at 1870 ("We note, finally, that the Government has never argued that it will be prejudiced if Scarborough's 'not substantially justified' allegation is permitted to relate back to his timely filed fee application."). Thus the Court concluded that application of the relation-back doctrine to fee applications under the EAJA was proper.

These same factors counsel that equitable tolling is appropriate under the EAJA. "Time requirements in lawsuits between private litigants are customarily subject to equitable tolling." *Irwin*, 498 U.S. at 95 (internal quotation marks and citation omitted). This fact, absent evidence of congressional intent to the contrary, strongly supports our conclusion that the EAJA time limitation for fee applications should be subject to equitable tolling. There is no evidence in the EAJA suggesting that Congress wished to foreclose equitable tolling in this context. On the contrary, "in enacting EAJA, Congress expressed its belief that 'at a minimum, the United States should be held to the same standards in litigating as private parties.'" *Scarborough*, 124 S. Ct. at 1869 n.9 (quoting H.R. Rep. No. 96-1418, at 9 (1980)).

Additionally, we do not believe that applying equitable tolling in certain limited circumstances will prejudice the government. The "EAJA itself has a built-in check: Section 2412(d)(1)(A) disallows fees where 'special circumstances make an award unjust.'" *Scarborough*, 124 S. Ct. at 1870 (quoting H.R. Rep. No. 96-1418, at 11 (1980) and noting that "§ 2412(d)(1)(A)'s 'safety valve' gives 'the court discretion to deny awards where equitable considerations dictate an award should not be made'"). Thus, our conclusion that equitable tolling may be applied to the EAJA time limitation for fee applications will not expose the government to any unfair imposition. Therefore, based on the Supreme Court's analysis in *Scarborough*, we interpret the factors discussed above as indicating that the EAJA time limitation for fee applications is subject to equitable tolling.

In sum, we conclude that based on the Supreme Court's decision in *Scarborough*, the EAJA time limitation for fee applications is subject to equitable tolling. It is understandable that the district court reached a different legal conclusion, however, as the district court did not have the benefit of *Scarborough* at the time of its ruling. We thus conclude that it is appropriate for the district court to consider whether in light of *Scarborough* and our decision in this case, equitable tolling is warranted under the facts of this case. Once the district court has ruled on this question, if either party so chooses, we may review the district court's application of the equitable-tolling doctrine for an abuse of discretion. *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 376 (6th Cir. 2002).

### III. CONCLUSION

For the reasons discussed above, we **REVERSE** the district court's judgment that equitable tolling does not apply under the EAJA and **REMAND** the case for determination as to whether equitable tolling of the EAJA time limitation is warranted in this case.