PER CURIAM.
Two consolidated cases are before the Court. In case 02-3851, the Attorney General appeals the district court’s grant of Michael Dvorkin’s petition for habeas corpus, holding that the mandatory detention of Dvorkin during the pendency of his removal proceedings pursuant to section 236(c) of the Immigration and Nationality Act was unconstitutional. In case 03-3245, *421 the Attorney General appeals the award of attorney fees against the government pursuant to the Equal Access to Justice Act (“EAJA”), arguing the district court lacked jurisdiction, the award was premature, and the government’s actions were substantially justified.
Recent developments in case 02-8851 render it moot.[1] Accordingly, in an order contemporaneous with this opinion, we sever the two cases and vacate the district court’s judgment in case 02-3851. With respect to case 03-3245, we conclude that the government was substantially justified in its actions and, therefore, reverse the award of attorney fees.
I.
Petitioner Michael Dvorkin, a native of the former U.S.S.R., has been a lawful permanent resident of the United States since March 24, 1991. In September 1998, an Ohio jury found Dvorkin guilty of five felony counts; he was subsequently sentenced concurrently to serve ten months incarceration for the charges of receiving stolen property, forgery, and obstruction of justice, and a separate one-year term of imprisonment for tampering with evidence. On December 26, 2000, while Dvorkin was in the penal custody of Ohio, the Immigration and Naturalization Service (“INS” or “DHS”)[2] issued a Notice to Appear, charging that Dvorkin was subject to removal from the United States pursuant to § 237(a)(2)(A)(ii) of the Immigration and Nationality Act (“INA”). Upon his release from state custody on April 3, 2002, Dvorkin was transferred into custody by the INS pursuant to § 236(c) of the INA. The government refused to hold a bond hearing for Dvorkin, citing its authority under INA § 236(c)(1)(b).[3] In response, Dvorkin filed a petition for writ of habeas corpus in the district court, challenging the constitutionality of INA § 236(c) as applied and seeking to enjoin his detention without the opportunity to apply for bond. The district court granted the petition and held that INA § 236(c) was unconstitutional as applied to Dvorkin and ordered the government to afford Dvorkin a bond hearing *422 before an immigration judge. After the immigration court conducted a hearing in accordance with the district court’s order, Dvorkin was released on bond. The government timely appealed.
Dvorkin also filed a Fee Application under the EAJA in district court, contending that the government’s action in detaining him without an opportunity to apply for bail was not substantially justified, and no special circumstances existed to render an award of fees and costs unjust. The government sought a stay of the motion for fees, which the district court denied on September 13, 2002. The district court thereafter granted Dvorkin’s EAJA motion, holding that the government was not substantially justified and did not have a constitutional duty to defend the statute. The government filed a notice of appeal of the district court’s award of attorney fees and subsequently filed an unopposed motion to consolidate the merits and the EAJA appeal. We granted the motion and held the consolidated cases in abeyance pending the resolution of Ly v. Hansen, 351 F.3d 263 (6th Cir.2003).
Meanwhile, during the course of this appeal, Dvorkin’s application for adjustment of status pursuant to INA § 245, codified at 8 U.S.C. §§ 1255, 1182(h), was granted, and Dvorkin became a legal permanent resident. On October 7, 2005, the government moved to sever the two cases and remand case number 02-3851—the merits of the appeal—back to the district court with instructions to vacate its previous decision, as the case and controversy was moot. Further, the government also requested that we retain jurisdiction over the EAJA issue in case number 03-3245.
Now, both cases are ripe for resolution.
II.
First, we will address the joint contention of the parties that case number 02-3851 is moot. “Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the ease before them.” Lewis v. Cont’l Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (internal quotation marks and citations omitted). This requirement exists “through all stages of federal judicial proceedings, trial and appellate.” Id. A case is moot when the issue presented is no longer “live” or the “parties lack a legally cognizable interest in the outcome.” L.A. County v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979) (citation omitted). Where interim relief or events have completely eradicated the effects of an alleged violation of law and there is no reasonable expectation that the violation will recur, a case is moot. Id. Although the removal of an alien does not moot a pending appeal, Santana-Albarran v. Ashcroft, 393 F.3d 699, 701 n. 1 (6th Cir.2005) (citation omitted), the grant of an alien’s petition while the petition is in the judicial process may conclusively moot the case and controversy, Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir.2001) (holding action was moot after INS granted petitions of named spouses).
If a case becomes moot pending appeal, the appellate court lacks the power to address the merits of the case, but may still enter judgment on matters ancillary thereto and award costs, vacate the judgment on appeal, and dismiss the appeal. See U.S. Bancorp Mortgage Co. v. Bonner Mall P’ship, 513 U.S. 18, 21-22, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). Accordingly, although the merits of the government’s appeal have been mooted by Dvorkin’s status change, we will address the district court’s award of EAJA attorney fees in case 02-3851.
III.
This court reviews a district court’s decision to award or deny attorney fees pursu *423 ant to the EAJA for abuse of discretion. Townsend v. Comm’r of Soc. Sec., 415 F.3d 578, 581 (6th Cir.2005). “A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard.” Deja Vu of Nashville, Inc. v. Metro. Gov’t of Nashville & Davidson County, 274 F.3d 377, 400 (6th Cir.2001) (quotation marks and citation omitted).
In case 02-3851, the government argues that this Court should reverse the attorney fees award pursuant to the EAJA because (1) the decision on the merits of Dvorkin’s petition was not final, rendering the district court without jurisdiction; (2) other binding cases addressing the merits of the case were pending before this Court and the Supreme Court, and the district court award was therefore premature; and (3) the position of the government was substantially justified and special circumstances made the award unjust. Dvorkin argues that the fee award pursuant to EAJA was not premature or inconsistent with other cases and, regardless, was not an abuse of the district court’s discretion. Contrary to Dvorkin’s contention, the position of the government was substantially justified.[4]
The EAJA provides in pertinent part that a court “shall award to a prevailing party other than the United States fees and other expenses” in any civil action brought by or against the United States, “unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.” 28 U.S.C. § 2412(d)(1)(A). The government’s position with regard to section 2412(d)(1)(A) is “substantially justified” if it is “ ‘justified in substance or in the main’—that is, justified to a degree that could satisfy a reasonable person.” Pierce v. Underwood, 487 U.S. 552, 565, *424 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); see United States v. One 1985 Chevrolet Corvette, 914 F.2d 804, 808 (6th Cir.1990). The Pierce court further elaborated that “a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.” Pierce, 487 U.S. at 566 n. 2, 108 S.Ct. 2541. Objective indicia, including “the stage in which the proceedings were resolved and the legal merits of the government’s position!,] may be relevant in assessing a district court’s determination of reasonableness.” United States v. Real Property Located at 2323 Charms Road, Milford Twp., Oakland County, Mich., 946 F.2d 437, 440 (6th Cir.1991) (citing Pierce, 487 U.S. at 568-70, 108 S.Ct. 2541).
The question therefore becomes whether the government was substantially justified in defending Dvorkin’s detention pursuant to 8 U.S.C. § 1226. We conclude that it was. The Second Circuit recently dealt with this issue in Vacchio v. Ashcroft, 404 F.3d 663 (2d Cir.2005). The Vacchio court held that “there is no doubt that the Government is entitled—if not obligated—to put forth a good faith effort to defend the constitutionality of federal laws, especially those that have never been found unconstitutional.” 404 F.3d at 675-76. The court stated that, although “Vacchio makes an arguable case [regarding alien deportability] ... the issue is far from settled law, the Government’s legal argument is far from unreasonable, and it thus cannot be said that the Government’s position on the question is not substantially justified.” Id. We agree.
In this case, the district court’s grant of habeas corpus predated the Supreme Court decision Demore v. Kim, 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003), which held that § 1226(c) was at least facially constitutional, and the Sixth Circuit decision Ly v. Hansen, 351 F.3d 263 (6th Cir.2003), which held that detention pursuant to § 1226 must be reasonable. Although the merits of Dvorkin’s petition are not before us, the subsequent case law clearly evidences that the constitutionality and application of the statute was far from settled law. The government’s defense of the statute’s constitutionality had a reasonable basis and, thus, was substantially justified.
Dvorkin also contends that the government’s specific actions, namely, utilizing an automatic stay provision after the immigration judge set bond, necessitated additional legal fees that are compensable by the EAJA motion. Although the government’s actions were undermined by its subsequent failure to appeal the immigration judge’s decision and lack of articulable reasons that Dvorkin constituted a flight risk, we cannot conclude that the government’s position was not substantially justified. Cf. Vacchio, 404 F.3d at 677 (holding that “despite our doubts over the INS’s actions, we are not able to conclude that the Government’s position was not ‘substantially justified.’ ”).
IV.
For these reasons, we reverse the district court’s award of attorney fees and hold that the government was substantially justified in defending the constitutionality of 8 U.S.C. § 1226(c) in case 03-3245.

. On July 22, 2005, Dvorkin’s application for adjustment of status pursuant to INA § 245, codified at 8 U.S.C. §§ 1255, 1182(h), was granted, and Dvorkin's status was adjusted to that of a legal permanent resident. The Department of Homeland Security (“DHS”) waived its right to appeal the Court’s decision. As a result, Dvorkin is no longer in removal proceedings nor subject to detention pursuant to INA § 236, 8 U.S.C. § 1226.
Pursuant to these events, Dvorkin submitted a notice of final decision and suggested that the issue contained in case 02-3851— whether pre-hearing detention violates Dvorkin’s due process rights—is moot. The DHS has moved to sever the two cases and remand case 02-3851 to the district court with instructions to vacate its previous decision. As discussed below, we agree that the issue is moot and grant the DHS's motion in a separate order.

. The Homeland Security Act of 2002 abolished the INS and all responsibility was transferred to the newly established Department of Homeland Security ("DHS”). Because Dvorkin’s case spans the period of change, both titles are utilized interchangeably in this opinion.

. The applicable statute governing the custody and detention of criminal aliens provides, in pertinent part, as follows:
The Attorney General shall take into custody any alien who ...
(B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title ...
when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.
8 U.S.C. § 1226.

. Because we reverse the award of EAJA attorney fees on other grounds, we decline to address the government's contention that the award was premature. The EAJA provides that a prevailing party in certain federal court proceedings may recover attorney fees and costs from the government. 28 U.S.C. § 2412. "A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court” its application for reimbursement. 28 U.S.C. § 2412(d)(1)(B); Scarborough v. Principi, 541 U.S. 401, 408, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004) ("[Section] 2412(d)(1)(B) sets a deadline of 30 days after final judgment for the filing of a fee application.”). "Final judgment” is defined by the EAJA as "a judgment that is final and not appealable.” Townsend v. Comm’r of Soc. Sec., 415 F.3d 578, 581 (6th Cir.2005) (quoting 28 U.S.C. § 2412(d)(2)(G)).
Because the thirty-day time period had not yet begun, the government contends that the district court lacked jurisdiction to address Dvorkin’s EAJA motion. This is incorrect. This Court recently overruled the "jurisdictional” aspect of final judgments in Townsend, stating:
[0]ur past precedent characterized the EAJA’s time limitation for fee applications as jurisdictional.... This precedent, however is overruled by the Supreme Court’s recent decision in Scarborough v. Principi, 541 U.S. 401, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004), where the Supreme Court held that the EAJA’s "30-day deadline for fee applications and its application-content specifications are not properly typed ‘jurisdictional.’ ” Id. at 1865. Specifically, the Court concluded that 28 U.S.C. § 2412(d)(1)(B) does not involve subject matter jurisdiction but instead addresses "a mode of relief (costs including legal fees) ancillary to the judgment of a court that has plenary ‘jurisdiction of [the civil] action' in which the fee application is made.” (citations omitted).
415 F.3d at 581-82; see Harmon v. United States ex rel. Farmers Home Admin., 101 F.3d 574, 587 (8th Cir.1996) (noting that EAJA attorney fees award may have been premature, but declining to make it a question of jurisdictional significance).