**Timothy FROELICH, Plaintiff,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant.**

**Civil No. 06–3074 (MJD/JJG).**

United States District Court, D. Minnesota.

June 21, 2008.

Jennifer Mrozik, for Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney for and on behalf of Defendant.

## ORDER

MICHAEL J. DAVIS, District Judge.

The above-entitled matter comes before the Court upon Defendant's motion to amend or alter judgment.

By Order dated May 13, 2008, this Court granted Plaintiff's motion for attorneys fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(b). Defendant now moves to amend the judgment, and dismiss the petition as it was not filed within the time prescribed by 28 U.S.C. § 2412(d) or in the alternative, to reduce the amount of fees awarded.

EAJA provides that a party seeking an award of attorneys fees must file such an application with the court within thirty (30) days of final judgment. The parties agree that judgment was entered on September 25, 2007, the date of this Court's Order remanding this case to the ALJ for additional proceedings. This judgment became final when the appeal period had run for the September 25, 2007 Order. Defendant argues that the sixty day appeal peri-

od ran from September 25, 2007 to November 26, 2007. Thus to be timely, the EAJA application had to have been filed on or before December 26, 2007. Plaintiff's application was not filed until December 27, 2007, however.

Plaintiff originally argued that the judgment did not become final until November 27, 2007, as three days are added to the appeals period. Thus, the application was timely filed within thirty days from the date the judgment became final. *See* Doc. No. 24, p. 4. In response to the Defendant's motion to alter or amend the judgment, Plaintiff asserts five alternative arguments in support of his position that the application was timely filed: that the existing District Court opinion is a final decision; the Magistrate Judge and this Court exercised their discretion and enlarged the time for filing the EAJA application; the Federal Rules of Civil Procedure 6(a) specifically excludes counting the day the time period begins; equitable tolling; and/or excusable neglect.

First, the Court notes that the applicable appeals period is prescribed by the Federal Rules of Appellate Procedure 4(a)(1)(B), which provides that in an action where the United States or its agency is a party, a notice of appeal may be filed within 60 days after judgment. Rule 4(a)(1)(B) does not provide for a three day extension. Fed.R.Civ.P. 6(d), however, does provide that three days shall be added to any time period after certain kinds of service, but it is unclear whether that Rule would not apply here. *See e.g., Ellis v. West,* 17 Vet.App. 248, 1999 WL 1023598 (Vet.App. Nov. 1, 1999) (rule adding three days applies to reactive pleadings, not time within which to file EAJA attorney fee application).

With respect to Plaintiff's alternative arguments, the Court finds the only one of merit is the request to equitably toll the

limitations period in this case. The Defendant did acknowledge in its brief that whether the applicable limitation period in this case may be tolled has not yet been addressed by the Eighth Circuit. In *Townsend v. Commissioner of Social Security*, 415 F.3d 578 (6th Cir.2005), the Sixth Circuit did hold that the EAJA's time limitation for fee applications is subject to equitable tolling, relying on the then recent decision of the United States Supreme Court in which it determined that EAJA's time limitation was not jurisdictional. *Id.* at 582 (citing *Scarborough v. Principi*, 541 U.S. 401, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004)).

The *Scarborough* decision did not address the issue of whether EAJA's time limitation is subject to equitable tolling, but it did hold that the relation back doctrine should apply to EAJA fee applications, as "limitation principles should generally apply to the Government the same way that they apply to private parties." *Scarborough*, 541 U.S. at 421, 124 S.Ct. 1856. Applying the rationale used by the Court in *Scarborough* to equitable tolling, the court in *Townsend* determined that as the doctrine of equitable tolling applies in private litigation, and that Congress did not evidence an intent that equitable tolling should not apply, and because there is no evidence the government would be prejudiced, EAJA's time limitation is subject to equitable tolling.

The Court finds the reasoning in *Townsend* to be persuasive. Accordingly, this Court holds that EAJA's time limitation is subject to equitable tolling. Under the circumstances present here, where the fee application was filed one day late and where the law has not clearly dictated the applicability of Fed.R.Civ.P. 6(d), and there is no evidence of prejudice to the Defendant, the Court will toll the applicable limitations period and hold Plaintiff's application to be timely.

The Defendant has also asked that the Court, in the alternative, reduce the fee award on the basis that the requested award was excessive. The Court has already reviewed the attorneys fee request, and the documentation supporting such request, and found the requested amount to be reasonable. The Defendant has not put forth any basis upon which to revisit the reasonableness of the requested award.

Plaintiff has requested additional fees for responding to this motion. Such request will be denied.

IT IS HEREBY ORDERED that the Defendant's Motion to Alter or Amend the Judgment [35] is DENIED.