GREENBERG, Judge,
concurring in part and dissenting in part:
I concur in the holding that the 30-day period in which to file an application under EAJA is subject to equitable tolling, but respectfully dissent from the holding that equitable tolling is not applicable in this case.
On January 5, 2016, the Court issued an order granting a motion for partial remand in the appellant’s appeal. That order served as the mandate of the Court. See U.S. Vet. App. R. 41(b) (“Mandate is when the Court’s judgment becomes final and is effective as a matter of law pursuant to 38 U.S.C. § 7291.”). On February 5, 2016, 31 days later, the appellant applied through counsel, pursuant to EAJA, 28 U.S.C. § 2412(d), for an award in the amount of $4,909.58 for attorney fees and expenses.
On February 11, 2016, the Court ordered the appellant to show cause why the EAJA application should not be dismissed as untimely. See U.S. Vet. App. R. 39 (“An application pursuant to [EAJA] shall be submitted for filing with the Clerk not later than 30 days after the Court’s judgment becomes final. See Rule 36 (Entry of Judgment) and Rule 41 (Mandate).”), On March 10, 2016, the appellant filed a response, alleging that the application for fees was within 30 days of the Court’s decision becoming final because the Court’s January 5, 2016, order was not final, as the appellant had 60 days from that order to appeal the ruling.
The deadline for submitting applications for fees and other expenses under EAJA— within 30 days of final judgment from the Court—was set by Congress in 28 U.S.C. § 2412(d)(1)(B) for EAJA applications generally and not merely at this Court. The Court has previously “strictly enforced” the 30-day filing deadline. See, e.g., Strouth v. Brown, 8 Vet.App. 502, 503 (1996) (“The 30-day filing deadline is strictly enforced and the appellant’s failure to submit an EAJA application within this 30-day time constraint precludes the Court on the facts of this case from considering the merits of the fee application.”).
However, the statutory time limit is not jurisdictional. See Scarborough, 541 U.S. at 414, 124 S.Ct. 1856 (“[T]he 30-day deadline for [EAJA] applications and its application-content specifications are not properly *266 [termed] ‘jurisdictional.’”). Justice Ginsburg’s ruling in that case would suggest that, as with the statutory time limit regarding appeals to this Court, equitable tolling may apply to the 30-day deadline. See Bove v. Shinseki, 25 Vet.App. 136, 140 (2011) (per curiam order) (holding that the 120-day filing period for a Notice of Appeal was subject to equitable tolling). Other courts have similarly ruled. See Townsend v. Comm’r of Soc. Sec., 415 F.3d 578, 583 (6th Cir. 2005) (“[W]e conclude that based on the Supreme Court’s decision in Scarborough, the EAJA time limitation for fee applications is subject to equitable tolling.”); Froelich v. Astrue, 561 F.Supp.2d 1044, 1045-46 (D. Minn. 2008) (“Accordingly, this Court holds that EAJA’s time limitation is subject to equitable tolling.”).
Lawyers should be paid for work done before this Court where the work results in a palpable benefit to the veteran. We should encourage lawyers to represent veterans, not place needless additional obstacles on the long road toward an adequate award. See Henderson v. Shinseki, 562 U.S. 428, 431, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011) (“The VA’s adjudicatory ‘process is designed to function throughout with a high degree of informality and solicitude for the claimant.’ ” (quoting Walters v. Nat’l Ass’n of Radiation Survivors, 473 U.S. 305, 311, 105 S.Ct. 3180, 87 L.Ed.2d 220 (1985))).
The application was filed 1 day late, and there is no evidence of prejudice to the Secretary as a result of that delay. See Froelich, 561 F.Supp.2d at 1045 (“Under the circumstances present here, where the fee application was filed one day late ... and there is no evidence of prejudice to the Defendant, the Court will toll the applicable limitations period and hold Plaintiffs application to be timely.”). Further, the appellant’s fee agreement indicates that the amount owed by him to his attorney will be offset, dollar-for-dollar, by an EAJA award. Fee Agreement at 1-2 (“[T]hen the fee owed by the client to the attorney will be 20% of the lump-sum owed by VA to the client minus the award of attorney’s fees that the attorney received under the EAJA.”). The Court is guided by the principle that “[t]he prospect of financial harm to the veteran is a concern to the Court; if dismissal may financially disadvantage the appellant, and ‘where the error is not egregious and is easily remedied,’ the Court will not dismiss an EAJA application.” Molden, 22 Vet.App. at 181 (2008) (citing Martins v. Principi, 19 Vet.App. 20, 23 (2005) (refusing to dismiss an EAJA application for failure to comply with Court Rules)); see also Carpenter v. Principi, 15 Vet.App. 64, 75 (2001)(“[P]ro-tecting the interests of the veteran is paramount.”).
Penalizing an attorney for filing 1 day late where there is no prejudice to the Government, not only unnecessarily penalizes the veteran, but also may have chilling effects on worthy veterans obtaining adequate representation. It is for this reason that I dissent.