# United States Court of Appeals for the Federal Circuit

---

**JAY ANTHONY DOBYNS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2021-2309

---

Appeal from the United States Court of Federal Claims in No. 1:08-cv-00700-PEC, Judge Patricia E. Campbell-Smith.

---

Decided: May 10, 2024

---

JAMES BERNARD REED, Udall Shumway PLC, Mesa, AZ, argued for plaintiff-appellant.

WILLIAM JAMES GRIMALDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

---

Before DYK, MAYER, and TARANTO, *Circuit Judges.*

DYK, *Circuit Judge.*

Jay Anthony Dobyns appeals from a decision of the Court of Federal Claims ("Claims Court"), denying his application for attorneys' fees under the Equal Access to Justice Act ("EAJA") as untimely. The Claims Court abused its discretion, and it applied the incorrect legal standard. Under the correct standard, the filing was timely. We reverse and remand for further proceedings.

BACKGROUND

This litigation has a long history. The sole issue now is attorneys' fees and costs under EAJA.

Mr. Dobyns first filed a complaint on October 2, 2008, alleging that the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) "breached a settlement contract with [Mr. Dobyns] by failing to adequately protect [him] and his family from threats related to the undercover work [he] performed while an agent with the ATF." *Dobyns v. United States*, 154 Fed. Cl. 310, 312 (2021). The government counterclaimed, alleging that Mr. Dobyns violated his employment contract and several federal regulations and ATF orders by publishing a book based on his experience as an agent and by contracting his story to create a motion picture. A trial was held in the Claims Court in 2013. The court found that there was no express breach of the settlement agreement, but that the government's conduct breached the covenant of good faith and fair dealing. The Claims Court further found that Mr. Dobyns was entitled to emotional distress damages in the amount of $173,000.

With respect to the government's breach of contract counterclaim, the Claims Court found that the government was not entitled to relief because ATF officials knew of Mr. Dobyns' book and movie contracts before they signed the settlement agreement designed to "fully resolve and settle any and all issues and disputes arising out of [Mr. Dobyns']

employment with ATF." *Dobyns v. United States*, 118 Fed. Cl. 289, 327–28 (2014), *rev'd*, 915 F.3d 733 (Fed. Cir. 2019). The government was thus unable to "complain about projects that were already in the works when the Settlement Agreement was executed," nor to "seek compensation that originates from the efforts that those contracts represent." *Id.* at 330.

The government appealed the Claims Court's judgment as to the breach of the implied duty of good faith and fair dealing, and Mr. Dobyns cross-appealed to this court another aspect of the Claims Court decision.[1] *See Dobyns v. United States*, 915 F.3d 733 (Fed. Cir. 2019). The government did not appeal the denial of its counterclaim. We reversed the finding that the government breached the implied duty of good faith and fair dealing in the 2007 agreement. *Id.* at 741.

Because Mr. Dobyns had prevailed as to the government's counterclaim, Mr. Dobyns sought attorneys' fees and costs for work in defending against the counterclaim.

---

[1]     After the Claims Court entered final judgment, it "sua sponte issued an order voiding its judgment based on concerns of potential government misconduct." *Dobyns*, 915 F.3d at 737. The government moved to vacate the order because the government had already filed its notice of appeal, transferring jurisdiction to this court. We remanded to the Claims Court to determine whether relief was warranted under Rule 60 of the Rules of the Court of Federal Claims ("RCFC"). The Claims Court appointed a special master to determine whether Rule 60 relief was appropriate. The special master determined that none of alleged acts warranted relief under Rule 60 and the Claims Court adopted that determination. Mr. Dobyns appealed that decision. We affirmed the Claims Court's determination that Mr. Dobyns was not entitled to relief under Rule 60.

28 U.S.C. § 2412(a), (b), (d).[2] Although EAJA provides multiple bases for recovery of fees and costs, *see* 28 U.S.C. § 2412(a), (b), (d), only section (d) includes a 30-day deadline. Rule 54 of the Rules of the Court of Federal Claims provides a 30-day deadline for costs and attorneys' fees that is applicable to claims under provisions of EAJA other than section (d). RCFC 54(d)(1)(B)(i); RCFC 54(d)(2)(B)(i). Thus, pursuant to EAJA and to the Rules of the Court of Federal Claims, a motion for attorneys' fees was due here 30 days after the entry of final judgment. *See* 28 U.S.C. § 2412(d)(1)(B); RCFC 54(d)(2)(B)(i).

Our reversal of the Claims Court's judgment in favor of Mr. Dobyns did not render the judgment final because, following his appeal to our court, Mr. Dobyns filed a petition for a writ of certiorari. The petition was denied on February 24, 2020. Mr. Dobyns had a right to seek rehearing at the Supreme Court within 25 days but did not do so. The Supreme Court's decision to deny his petition became final on March 20, 2020. Thirty days following this date made the motion for attorneys' fees due April 19, 2020, unless the Claims Court were to enter a new final judgment. Mr. Dobyns did not file his motion for attorneys' fees under EAJA until October 30, 2020, alleging that he relied on the government's advice that a new judgment would be entered. Since a new judgment was not entered, he contends that the 30-day deadline should be equitably tolled and

---

[2]    Mr. Dobyns also sought fees with respect to the government's breach of the covenant of good faith and fair dealing, despite losing that claim. He argues that "he prevailed against the [g]overnment regarding critical findings of fact." Appellant Opening Br. 6. The cases foreclose any such theory. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Hum. Res.*, 532 U.S. 598, 605 (2001).

that the same arguments he makes for section (d) of EAJA should be applied to section (a) and (b).

The Claims Court denied the motion for attorneys' fees, finding that it was untimely. The court held that the doctrine of equitable tolling did not apply and found that "this case falls into the category of cases in which inadvertence, ignorance of the rules, or mistakes construing the rules do not . . . constitute excusable neglect." *Dobyns*, 154 Fed. Cl. at 318 (internal quotations and citation omitted).

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review decisions concerning attorneys' fees under EAJA for an abuse of discretion. *RAMCOR Servs. Grp., Inc. v. United States*, 185 F.3d 1286, 1288 (Fed. Cir. 1999).

"[W]hether equitable relief is warranted on the circumstances of a particular case involves factual determinations . . . which are entitled to deference." *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed. Cir. 2002). However, "when the material facts are not in dispute . . . this court has treated the question of the availability of equitable tolling as a matter of law." *Former Emps. of Sonoco Prods. Co. v. Chao*, 372 F.3d 1291, 1295 (Fed. Cir. 2004) (citation omitted). Cases that require the "application of the appropriate standard [of equitable tolling] to undisputed facts[] are properly questions of law reviewed de novo by this court." *Id.*

### I

We first consider whether the EAJA 30-day filing deadline in 28 U.S.C. § 2412(d)(1)(B) is subject to equitable tolling.

In *Scarborough v. Principi,* the Supreme Court recognized that "limitations principles should generally apply to the Government in the same way that they apply to private

parties" and explained that the statutory deadline provided in EAJA is not "properly typed jurisdictional." 541 U.S. 401, 414, 421 (2004) (internal quotation marks and citations omitted). Following *Scarborough*, the Sixth Circuit has held that "the EAJA time limitation for fee applications is subject to equitable tolling." *Townsend v. Comm'r of Soc. Sec. Admin.*, 415 F.3d 578, 583 (6th Cir. 2005). In *Townsend*, the Sixth Circuit analyzed the same factors that the Supreme Court considered in *Scarborough*, concluding that the doctrine applied to private parties, that there was no Congressional intent suggesting that the doctrine's standard should not apply to EAJA, and that there is no evidence that the government would be prejudiced by the application of the doctrine to EAJA. *Id.* at 582–83.

Although we have not previously had occasion to consider this question, the Supreme Court has held that this statutory deadline is not jurisdictional, *see Scarborough*, 541 U.S. at 414, and the Sixth Circuit has held that the EAJA deadline is subject to equitable tolling, *see Townsend*, 415 F.3d at 583. There is no contrary authority after *Scarborough*. The government in this case concedes that "equitable tolling may be applied in limited circumstances under EAJA." Appellee Br. 33. We are in agreement that the filing deadline for fee applications under EAJA is subject to equitable tolling.

II

EAJA has two bases for recovery of attorneys' fees, sections (b) and (d), and section (a) provides for recovery of costs. *See* 28 U.S.C. § 2412. As noted earlier, only section (d), however, includes a deadline for filing applications for recovery. 28 U.S.C. § 2412(d)(1)(B). Sections (a) and (b) of EAJA do not contain a statutory deadline, and Rules 54(d)(1)(B)(i) and 54(d)(2)(B)(i) of the Rules of the Court of Federal Claims setting a 30-day deadline are applicable.

Rule 6(b)(1) of the Court of Federal Claims' Rules provides that "[w]hen an act may or must be done within a

specified time, the court may, for good cause, extend the time." Subsection (B) of the rule additionally provides that the court may extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." This rule is modeled after Rule 6 of the Federal Rules of Civil Procedure ("FRCP"),[3] which includes the same language.

The good cause standard "allows plaintiffs to raise substantially the same equitable arguments that they can raise under the equitable tolling doctrine." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)) (considering the good cause standard in FRCP 4(m)). The excusable neglect standard is similarly equitable. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993). When analyzing excusable neglect under FRCP 6, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.*

Thus, we read both the "good cause" and "excusable neglect" standards of RCFC 6 as encompassing (but not limited to) the circumstances that justify equitable tolling.

## III

Having determined that equitable tolling applies to the statutory deadline in EAJA and that the standard for tolling the deadline under RCFC 6 encompasses the standard for equitable tolling, we turn to the question of whether equitable tolling applies here.

The mandate from this court regarding Mr. Dobyns' previous appeal was filed on May 1, 2019. On that same

---

[3]    Rule 6 of the Rules of the Court of Federal Claims was amended in 2002 "to conform with FRCP 6." RCFC 6 Rules Committee Note.

day, the Claims Court issued an order to the parties to confer and file a joint status report indicating any issues that needed to be addressed before the case was terminated. Mr. Dobyns indicated his intent to file for certiorari at the Supreme Court, and the Claims Court ordered the parties to file a joint status report within sixty days of the final resolution of Mr. Dobyns' petition. The Supreme Court's denial of certiorari became final on March 20, 2020.

On April 8, 2020, within the 30-day limit, Mr. Dobyns' counsel emailed government's counsel to discuss drafting the joint status report. In relevant part, the email stated:

> EAJA has a thirty day window, but Judge Campbell-Smith's determination of a scheduling order can supersede that, and in any event, would not close until thirty days following entry of a proper and correct final judgment. I do not perceive us as having that [i.e., a final judgment], for the reasons stated.[4]

> Please advise as to your position on this, because if I need to file a motion for clarification or some other form of relief during the sixty day period, I would like to do that this week.

*Dobyns*, 154 Fed. Cl. at 313.

The government's counsel responded the same day in relevant part:

---

[4]    An earlier part of the email explained Mr. Dobyns' counsel's reasoning that the previous judgment "was reversed by the Federal Circuit and therefore should be amended to reflect that, or replaced by a judgment indicating that Plaintiff takes nothing by its complaint, but with either form indicating that government takes nothing by its counterclaim, and etc. for other language that needs to be there." J.A. 443.

> I don't think we need to ask the trial court to issue a new judgment, it will do that as a matter of course.

*Id.*

On April 24, 2020, outside the 30-day window, the parties filed the joint status report. In the report, Mr. Dobyns stated his intention to file an application for an award of attorneys' fees under EAJA and stated his position that "the Court is required to issue an amended judgment" at which point the 60-day time for appeal would commence, after which the 30-day EAJA application timeline would begin. Joint Status Report at 7, Dobyns v. United States, No. 08-700C (Fed. Cl. April 24, 2020). The government, however, now took the position that that the case was finally decided by the denial of certiorari and that any intended application for attorneys' fees was "untimely, moot, or both." *Id.* Mr. Dobyns argued that the government "reversed its position regarding the issuance of judgment by this Court, and therefore the time in which Plaintiff may file an EAJA application." *Id.* at 3. Mr. Dobyns further argued that the government's position is "wrong, waived, estopped, and inappropriate. Private parties and their counsel should be able to rely on representations made by the United States' attorneys." *Id.* at 6.

On May 4, 2020, the Claims Court "decline[d] to enter the schedule as proposed" and stated that it would not enter an amended judgment. Order at 1, Dobyns v. United States, No. 08-700C (Fed. Cl. May 4, 2020).[5] Because no

---

[5] Mr. Dobyns also contends his application was not untimely because the trial court extended the deadline through court scheduling orders. He argues that the "trial court possessed the authority to set a schedule for Dobyns' EAJA fee application that differed from EAJA's thirty-day deadline, and that [it] did so, whether it intended to or not."

new amended judgment was issued after the Supreme Court's denial of Mr. Dobyns' petition for certiorari, the court found that the case became final on March 20, 2020. Thirty days following that date would mean Mr. Dobyns' application was due by April 19, 2020.

On October 30, 2020, Mr. Dobyns filed a motion for attorneys' fees and costs pursuant to EAJA, 28 U.S.C. § 2412. He argued that his reliance on government counsel's representations regarding the entry of amended judgment was reasonable and that the reliance or mutual mistake should equitably toll the 30-day deadline. J.A. 503–06. "[W]ith twelve days left in the normal EAJA Subsection (d) filing period, the Justice Department agreed with undersigned counsel's expectation" that a new judgment would issue. J.A. 503.

The Claims Court denied Mr. Dobyns' motion for attorneys' fees as untimely. The Claims Court found that "[Mr. Dobyns'] decision to rely on defendant's counsel's mistaken understanding of this court's procedure was his error." *Dobyns*, 154 Fed. Cl. at 318. The court found Mr. Dobyns' decisions "unreasonable and ill-advised," and faulted Mr. Dobyns for choosing not to pursue a "remedy for resolving any uncertainty." *Id.* at 317.

IV

The Claims Court's assessment improperly applies the law of equitable tolling. It overlooks that misleading conduct by an adversary can be the basis for equitable tolling. The seminal equitable tolling case, *Irwin v. Department of Veterans Affairs*, recognizes that the Supreme Court has "allowed equitable tolling in situations . . . where the complainant has been induced or tricked by his adversary's

Appellant Opening Br. 40–41. Because we hold that equitable tolling applies in this circumstance, we do not reach this theory.

misconduct in allowing the filing deadline to pass." 498 U.S. 89, 96 (1990). The Court in *Irwin* cited another equitable tolling case as an example, *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 232 (1959). In *Glus*, the respondent "represent[ed] to petitioner that he had seven years in which to sue," despite the statute of limitations running after only three years. *Id.* The Supreme Court held that, despite his delay, the petitioner was entitled to have his suit tried on the merits "if he [could] prove that the respondent's responsible agents, agents with some authority in the particular matter, conducted themselves in such a way that petitioner was justifiably misled." *Id.* at 235. The situation here is quite similar.

The Claims Court's reasons for rejecting equitable tolling do not support its decision. First, the Claims Court found that defendant's counsel was "not responsible for ensuring that plaintiff's counsel had an accurate understanding of court procedure." *Dobyns*, 154 Fed. Cl. at 317. That is not the question. The question is whether the government misled Mr. Dobyns' counsel. The petitioner in *Glus* could have researched the applicable statute the same way Mr. Dobyns could have researched the Claims Court's rules for issuing amended judgments here. The Claims Court did not consider whether the government's counsel, an "agent[] with some authority in the particular matter," "conducted [himself] in such a way that petitioner was justifiably misled" when he assured Mr. Dobyns' counsel that a new judgment would be issued as a matter of course. *Glus*, 359 U.S. at 235.

Second, the Claims Court found that "[w]hatever the force of defendant's representations, it is clearly not empowered to speak for the court." *Dobyns*, 154 Fed. Cl. at 317. But a finding that the defendant could speak for the court is not required to equitably toll the statutory deadline. Instead, the question is whether it was reasonably justifiable that, twelve days before the filing deadline for the normal EAJA period, Mr. Dobyns relied on the

government's assertions that a new judgment would issue "as a matter of course." *Id.* at 313.

Third, the Claims Court noted that "after many years of hard-fought litigation," it was "strange . . . to hear plaintiff argue that he was right to trust the defendant's understanding of the case." *Dobyns*, 154 Fed. Cl. at 318. That the litigation was hard fought lends no support to the proposition that counsel could not rely on the government's representations. The government, a party with significant experience before the Claims Court and with particular expertise with EAJA applications, simply stated its understanding of typical procedure—that the Claims Court would issue a new judgment "as a matter of course." *Id.* at 313. It was certainly reasonable for Mr. Dobyns' counsel to rely on the government's representations.[6]

Finally, to the extent that the Claims Court required Mr. Dobyns to show that the government had intentionally misled him, this would be incorrect. This basis for equitable tolling exists even if the adversary did not intentionally mislead. *See, e.g.*, *Bergeron v. Mansour*, 152 F.2d 27, 30 (1st Cir. 1945) ("The plaintiff reasonably relied upon the representations and conduct of the defendant. . . . It is not necessary that the representations and conduct should be labelled as fraudulent in a strict legal sense or that they were made or carried on with an intention to mislead the plaintiff."). The complaint in *Glus* only alleged that the "defendant's agents . . . fraudulently <u>or unintentionally misstated</u> to plaintiff that he had seven years in which to bring an action." *Glus*, 359 U.S. at 232 n.2 (emphasis added).

---

[6]    The fact that, after the deadline passed, Mr. Dobyns expressed doubts about whether a new judgment would be entered is irrelevant. *See* Appellee Br. 29.

Mr. Dobyns only needed to show that he relied on the government's statements and that his reliance on the statements of the government about the procedure for Claims Court judgments was justifiable. We think as a matter of law that Mr. Dobyns did rely on those statements and that he was entitled to rely on the government's representations. Equitable tolling is available for his motion for attorneys' fees under EAJA, 28 U.S.C. § 2412(d), and thus there was both good cause and excusable neglect under RCFC 6 for his motion for attorneys' fees and costs. Mr. Dobyns' filing must be accepted as timely.

We reverse and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**

COSTS

Costs to appellant.