*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0157p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

STELLA TOWNSEND,

> *Plaintiff-Appellant,*

*v.*

No. 06-5688

SOCIAL SECURITY ADMINISTRATION,

> *Defendant-Appellee.*

---

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 01-00224—Jennifer B. Coffman, District Judge.

Argued: April 17, 2007

Decided and Filed: May 4, 2007

Before: KENNEDY, MARTIN, and MOORE, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Wolodymyr Cybriwsky, LAW OFFICES OF WOLODYMYR CYBRIWSKY, Prestonsburg, Kentucky, for Appellant. Brian C. Huberty, SOCIAL SECURITY ADMINISTRATION, Atlanta, Georgia, for Appellee. **ON BRIEF:** Wolodymyr Cybriwsky, LAW OFFICES OF WOLODYMYR CYBRIWSKY, Prestonsburg, Kentucky, for Appellant. Brian C. Huberty, Dennis R. Williams, Mary Ann Sloan, SOCIAL SECURITY ADMINISTRATION, Atlanta, Georgia, for Appellee.

---

**OPINION**

---

KAREN NELSON MOORE, Circuit Judge. Plaintiff-Appellant Stella Townsend ("Townsend") appeals from the district court's order denying her application for attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On remand after a previous appeal, the district court denied as untimely Townsend's application for fees and expenses related to litigation in the district court, concluding that equitable tolling was not warranted. The district court also denied Townsend's request for fees and expenses related to the initial appeal, concluding that Townsend was not a prevailing party for purposes of the EAJA. Because Townsend cannot collect any attorney fees or expenses if her initial fee application was not timely filed, and because the district court did not abuse its discretion by concluding that equitable tolling was not warranted, we **AFFIRM** the judgment of the district court.

1

## I. BACKGROUND

This is the second time that the matter of attorney fees in this case has come up on appeal. On June 1, 2001, Townsend filed a complaint in the federal district court appealing the decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income. On August 8, 2002, the district court entered its decision granting Townsend's motion for summary judgment, concluding that the Commissioner's decision was not supported by substantial evidence. On October 9, 2002, the Commissioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), which the district court denied on December 18, 2002, as untimely and meritless.

On February 20, 2003, Townsend filed an application for attorney fees and expenses, pursuant to the EAJA. On May 12, 2003, the district court entered an order denying the application as untimely, concluding that Townsend had failed to comply with the EAJA's requirement that a party seeking an award of fees and expenses file "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). On May 19, 2003, Townsend filed a motion to alter or amend the district court's May 12 order, which the district court denied on September 4, 2003.

Townsend appealed, and on July 20, 2005, we reversed the district court's judgment. *Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578 (6th Cir. 2005). We determined that the EAJA time limitation was subject to equitable tolling and remanded the case so that the district court could determine whether equitable tolling was warranted under the circumstances of this case. *Id.* at 583. Thereafter, Townsend filed in this court an application for attorney fees and expenses related to her appeal, also pursuant to the EAJA. The Commissioner filed a brief in opposition, and Townsend filed a response. On December 15, 2005, we remanded that matter as well, so that it could be considered in the first instance by the district court.

On remand, Townsend filed a revised application for attorney fees and expenses related to litigation in the district court. On March 24, 2006, the district court denied Townsend's motion for fees and expenses related to the first appeal in this case and denied a second time Townsend's request for fees and expenses related to litigation in the district court. The district court determined that Townsend was not a prevailing party on appeal and thus did not qualify for any award for appellate fees under the EAJA. The district court also determined that equitable tolling was not warranted in this case and, accordingly, once again denied Townsend's initial application as untimely. Townsend timely appealed.

## II. ANALYSIS

The EAJA provides that prevailing parties may recover attorney fees and costs from the government under certain circumstances:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A party seeking fees is required to file an application "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). As the Supreme Court has noted, the EAJA thus reduces to four requirements: (1) that the fee applicant be a prevailing party; (2) that the government's position not be substantially justified; (3) that no special circumstances make an award

unjust; and (4) that the fee applicant file the requisite application within thirty days of final judgment. *Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990).

### A. "[T]reating [the] [C]ase as an [I]nclusive [W]hole"

The district court analyzed separately Townsend's application for attorney fees and expenses related to litigation in the district court and Townsend's application for attorney fees and expenses related to the first appeal in this case. The district court relied on different grounds in denying the two applications, rejecting Townsend's initial fee application because it was untimely and rejecting her fee application related to the first appeal because she was not a prevailing party in her application for fees and expenses, the action upon which her first appeal was based. Townsend argues that these two conclusions were in error, but, as an initial matter, we believe that the EAJA requires a different analytical framework.

The district court's reasoning makes clear that the district court assumed that Townsend's application for fees and expenses and her underlying supplemental security income claims were separate matters for purposes of the EAJA. Thus, the district court, in denying Townsend's fee application related to the first appeal, decided whether or not Townsend was a prevailing party *in her application for fees and expenses*, analyzing the fee litigation by itself rather than analyzing the case as a whole. In *Commissioner, INS v. Jean*, however, the Supreme Court rejected this very approach. In *Jean*, the lower courts had decided that the fee applicant had met the EAJA's requirements for recovering fees related to the underlying action: (1) the fee applicant was a prevailing party; (2) the government's position regarding the underlying action was not substantially justified; (3) no special circumstances made an award unjust; and (4) the fee applicant filed the requisite application within thirty days of final judgment. *Id.* at 156. The government argued that, despite this determination, the fee applicant was not entitled to those portions of attorney fees and expenses spent litigating the issue of attorney fees and expenses. The government argued that in a case that results in protracted litigation on the issue of fees, "unless the court finds that [the government's] position *in the fee litigation itself* was not substantially justified, fees for any litigation about fees are not recoverable." *Id.* at 157 (emphasis added). The Supreme Court rejected the argument that the underlying action and the application for fees and expenses should be treated separately for purposes of the EAJA, stating: "The single finding that the Government's position lacks substantial justification, like the determination that a claimant is a 'prevailing party,' . . . operates as a one-time threshold for fee eligibility." *Id.* at 160. "While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." *Id.* at 161-62. Thus, a fee applicant must meet the EAJA's four requirements only once to establish an entitlement to attorney fees and expenses. Successes or failures in fee litigation might affect the ultimate fee awarded, *see id.* at 163 n.10, but not whether or not the applicant is entitled to fees and expenses.

We believe that the reasoning of *Jean* applies with equal force to a fee applicant who *fails* to meet one of the EAJA's four requirements. Thus, an applicant who fails to establish an entitlement to fees and expenses related to the underlying action cannot, under the reasoning of *Jean*, recover fees and expenses related to the fee litigation. Allowing such recovery would give a fee applicant the second opportunity that *Jean* denies to the government and would violate the directive to "treat[] [the] case as an inclusive whole, rather than as atomized line-items." *Id.* at 161-62. Thus, we conclude that, in the ordinary case, a fee applicant cannot recover *any* attorney fees or expenses related to the case unless the district court, treating the case as a whole, determines that the applicant has satisfied the EAJA's four requirements, including the requirement that the applicant file a fee

application within thirty days of final judgment (subject to equitable tolling).[1] Thus, Townsend's entitlement to any attorney fees or expenses in this case depends on whether equitable tolling was warranted regarding her initial fee application.[2] We turn to that question now.

## B. Equitable Tolling

In the first appeal in this case, we set forth the relevant timeline of events:

[The district court's] August 7, 2002 judgment became final for EAJA purposes when that judgment was no longer appealable by the Commissioner. Federal Rule of Appellate Procedure 4(a) establishes that, in a civil case to which a federal officer is a party, the time for appeal ends sixty days after entry of judgment. The district court's August 7, 2002 judgment therefore became unappealable, and hence final within the meaning of the EAJA, on October 7, 2002.[3] Thus, for Townsend's fee application to have been timely, the application ought to have been filed by November 6, 2002, thirty days after the district court's August 7, 2002 judgment became final and unappealable. Because Townsend's fee application was not filed until February 20, 2003, which was over three months after the thirty-day deadline had expired, the district court concluded that Townsend's fee application was untimely.

*Townsend*, 415 F.3d at 581. We determined, however, that the EAJA time limitation was subject to equitable tolling and remanded the case so that the district court could determine whether equitable tolling was warranted in this case. *Id.* at 583. On remand, the district court concluded that equitable tolling was not warranted.

"[W]e . . . review the district court's application of the equitable-tolling doctrine for an abuse of discretion."[4] *Id.* (citing *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 376 (6th Cir. 2002)).

---

[1] We do not mean to suggest that once a party files an application for attorney fees and expenses that meets the EAJA's four requirements, that party cannot recover any additional fees or expenses that are later incurred. A court should, for example, consider a later-filed supplemental request for fees and expenses incurred after the filing of the initial application. *See United States v. Eleven Vehicles, Their Equipment & Accessories*, 200 F.3d 203, 209-10 (3d Cir. 2000).

[2] Even if we were to consider the fee litigation as a separate matter for purposes of the EAJA, we would affirm the decision of the district court. The only favorable decision that Townsend has received regarding her application for attorney fees and expenses was this court's decision in the first appeal, which merely remanded the case to the district court for further consideration. Such a decision does not make Townsend a prevailing party in the fee litigation because Townsend was not awarded any attorney fees or expenses on remand. *See Hanrahan v. Hampton*, 446 U.S. 754, 758-59 (1980) (concluding that a decision by the Seventh Circuit remanding a case for trial did not make the respondents prevailing parties absent some success on the merits at trial); *cf. Jenkins ex rel. Jenkins v. Missouri*, 127 F.3d 709, 714 (8th Cir. 1997) ("It is generally true that status as a prevailing party is determined on the outcome of the case as a whole, rather than by piecemeal assessment of how a party fares on each motion along the way.").

[3] The district court's docket sheet reflects that judgment was actually entered on August 8, 2002, not the August 7, 2002 date on which the district court issued its decision. Because the time for appeal runs from the date of entry of judgment, FED. R. APP. P. 4(a)(1), the district court's judgment actually became unappealable, and hence final within the meaning of the EAJA, on October 8, 2002, sixty-one days after August 8, 2002. This difference does not affect any of the issues presented here.

[4] There is some confusion in this circuit regarding the proper standard of review of a district court's application of the equitable-tolling doctrine. *See Dunlap v. United States*, 250 F.3d 1001, 1007 n.2 (6th Cir.) (collecting cases), *cert. denied*, 534 U.S. 1057 (2001). In the previous appeal in this case, we stated that we would review the district court's application of the doctrine for an abuse of discretion, *Townsend*, 415 F.3d at 583, and neither party has argued that a different standard should apply. Moreover, our decision here would be the same even if we reviewed the district court's

Although we have not yet addressed whether equitable tolling of the EAJA limitations period is warranted in a particular case, we have in other contexts identified five factors that normally should be considered in deciding whether equitable tolling of a limitations period is warranted: "'1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness [in] remaining ignorant of the particular legal requirement.'" *Weigel*, 302 F.3d at 376 (quoting *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)) (alteration in original). "Prejudice may only be considered if other factors of the test are met and therefore can only weigh in [the Commissioner's] favor." *Dunlap v. United States*, 250 F.3d 1001, 1009 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001). "This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003). Rather, "[t]he propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Truitt*, 148 F.3d at 648.

On remand, the district court undertook a two-step inquiry in deciding whether equitable tolling was warranted.[5] First, the district court determined that the Commissioner's Rule 60(b) motion did not toll the deadline for appeal, the date upon which the EAJA's thirty-day time limitation is based, because the Rule 60(b) motion was untimely. Second, the district court determined that equitable tolling of the EAJA deadline was not otherwise warranted because Townsend's counsel was "well aware of the filing deadline." Joint Appendix ("J.A.") at 173 (Dist. Ct. 3/24/06 Order at 5).

We believe that the district court's conclusions were well within its discretion. On October 9, 2002, sixty-two days after entry of the district court's August 8, 2002 judgment, the Commissioner filed a Rule 60(b) motion for relief from judgment.[6] Rule 60 requires that such a motion "be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." FED. R. CIV. P. 60(b). We have further held that "[a] 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal." *Pierce v. United Mine Workers of Am. Welfare & Ret. Fund*, 770 F.2d 449, 451 (6th Cir. 1985), *cert. denied*, 474 U.S. 1104 (1986). Townsend argues that it was unclear whether the Commissioner's Rule 60(b) motion was a Rule 60(b)(1) motion based on legal error, in which case it was untimely filed, or was based on another ground, in which case it may have been

---

decision de novo.

[5] Townsend makes much of the fact that the Commissioner did not respond to her revised application for attorney fees and expenses on remand. Townsend is correct that the Commissioner did not argue on remand that equitable tolling was not appropriate in this case, but Townsend, the party with the burden of persuasion, did not argue in her revised application that equitable tolling *was* appropriate. Townsend appears to believe that our decision in the first appeal in this case required the district court to conclude that equitable tolling was warranted, but we clearly instructed the district court to determine "*whether* equitable tolling of the EAJA time limitation is warranted in this case." *Townsend*, 415 F.3d at 583 (emphasis added). We believe that the district court adequately followed our instructions on remand.

[6] Rule 60(b) states, in relevant part:
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).

timely filed. However, regardless of these various time limitations, a Rule 60(b) motion brought on any ground does not toll the deadline for appeal unless it is filed within ten days after judgment is entered.[7] *See* FED. R. APP. P. 4(a)(4)(A) ("[T]he time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: . . . (vi) for relief under Rule 60 *if the motion is filed no later than 10 days after the judgment is entered*." (emphasis added)); *United States v. Grable*, 25 F.3d 298, 301-02 & n.3 (6th Cir. 1994) (concluding that a Rule 60(b) motion filed twenty-seven days after judgment was entered did not toll the deadline for appeal). Thus, the Commissioner's Rule 60(b) motion, filed sixty-two days after judgment was entered, did not toll the deadline for appeal.

We have determined that in some situations, a district court may grant a Rule 60(b) motion "to revive a lost right of appeal." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). The *Lewis* court noted, however, that such a decision is proper only where a number of elements are met: the failure to appeal timely must result from one of Rule 60(b)'s enumerated reasons; there must be a lack of prejudice to the respondent; the moving party must file the motion promptly after discovering the failure to appeal timely; and counsel must exercise due diligence in attempting to comply with the time limitations of Federal Rule of Appellate Procedure 4(a). *Id.* In this case, it is clear that the Commissioner did not attempt to revive the lost right of appeal via this mechanism, as the Rule 60(b) motion did not make any of these necessary arguments. Instead, the Commissioner argued only that the district court had erred in its original decision on the merits. The district court's denial of the Commissioner's Rule 60(b) motion was independently appealable, and such an appeal "'does not bring up the underlying judgment for review.'" *Grable*, 25 F.3d at 301-02 (citation omitted). Thus, once sixty days had passed since the district court's August 8, 2002 judgment, the Commissioner's deadline for appeal had passed, and the Rule 60(b) motion filed two days later did not even attempt to revive the appellate deadline.

The district court's second conclusion, that equitable tolling of the EAJA deadline was not otherwise warranted, was also well within its discretion. Although the district court did not explicitly address the five equitable-tolling factors, the district court's conclusion that Townsend was "well aware of the filing deadline," J.A. at 173 (Dist. Ct. 3/24/06 Order at 5), implicated four of the five factors: 1) notice of the filing deadline; 2) constructive knowledge of the deadline; 3) diligence in pursuing one's rights; and 5) reasonableness in remaining ignorant of the deadline. *See Weigel*, 302 F.3d at 376. As explained above, diligent research would have shown that the Commissioner's Rule 60(b) motion did not toll or reset the deadline for appeal and, accordingly, did not toll or reset the EAJA deadline. *Cf. Ayers v. United States*, 277 F.3d 821, 829 (6th Cir.) (concluding that equitable tolling was not warranted in part because "[d]iligent research was likely to have revealed . . . that the limitations period for [a suit under the Suits in Admiralty Act] would most likely not be tolled by the filing of Appellant's administrative claim [under the Federal Tort Claims Act]"), *cert. denied*, 535 U.S. 1113 (2002). Accordingly, it was Townsend's own neglect which led her to file a late fee application.

---

[7] *Barry v. Bowen*, 825 F.2d 1324 (9th Cir. 1987), cited by Townsend in support of her arguments, is not to the contrary. In that case, the district court considered an untimely Rule 59(e) motion and entered an amended judgment before the time for filing a fee application had expired. *Id.* at 1329. The Ninth Circuit concluded that equitable tolling was warranted because the fee applicant reasonably relied on the district court's amended judgment in assuming that the deadline for appeal ran from the amended judgment rather than the original judgment. *Id.* In this case, Townsend did not rely on an amended judgment or any other district court decision indicating that the deadline for appeal may have been reset. Perhaps most importantly, *Barry* is no longer good law on this point. *See Slimick v. Silva (In re Slimick)*, 928 F.2d 304, 309-10 & n.8 (9th Cir. 1990).

Townsend points us to two other Ninth Circuit cases as well, neither of which is on point. *See Papazian v. Bowen*, 856 F.2d 1455, 1456 (9th Cir. 1988) (concluding that a fee application was timely because the later of two district court judgments was the only "final judgment" for purposes of the EAJA); *McQuiston v. Marsh*, 790 F.2d 798, 800 (9th Cir. 1986) (concluding that statutory amendments to the EAJA's time limitations applied to cases still pending on the date of the amendments' enactment).

Townsend appears to argue that equitable tolling is warranted because the district court might have reversed its judgment, thereby resetting the deadline for appeal and resetting the EAJA deadline. We may assume, without deciding, that the EAJA deadline would have been reset had the district court reversed its judgment. In the face of this possible uncertainty, however, it was incumbent on Townsend diligently to protect her own rights, *see Weigel*, 302 F.3d at 376, and her failure to do so does not warrant equitable tolling. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (concluding that equitable tolling was not warranted because "a reasonably cautious and prudent" litigant "would, as a modest precaution, assume that limitations began passing on or near the earliest potential date"). Moreover, at the very least, it should have been clear to Townsend when the district court denied the Commissioner's Rule 60(b) motion that the deadline was not reset and that, at best, the thirty-day EAJA limitations period was tolled while the motion was pending. When the Rule 60(b) motion was filed on October 9, 2002, twenty-nine days remained in the EAJA limitations period. Thus, a diligent fee applicant would at least have filed her fee application on or before January 16, 2003, twenty-nine days after the district court entered the order denying the Rule 60(b) motion on December 18, 2002. Townsend, however, filed her fee application on February 20, 2003, sixty-four days after the district court denied the Rule 60(b) motion. Plaintiff did not meet the standard of her own argument. Under these circumstances, we conclude that the district court acted well within its discretion in concluding that equitable tolling was not warranted.

## III. CONCLUSION

Because Townsend cannot collect any attorney fees or expenses under the EAJA if her initial fee application was not timely filed, and because the district court did not abuse its discretion by concluding that equitable tolling was not warranted, we **AFFIRM** the judgment of the district court.