ORDER
PER CURIAM:
On September 16, 2014, George W. Morrow, through his counsel, Stephen B. Bennett, filed a motion to withdraw his March 6, 2014, application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). In the application, Mr. Morrow states that he is filing his motion to withdraw “after consultation.” Motion at 1. The Court presumes that this consultation was between attorney Bennett and his client, Mr. Morrow, and that attorney Bennett has addressed all of the relevant elements of Rule 1.7 of the Model Rules of Professional Conduct. Accordingly, the Court will grant the motion.
Upon consideration of the foregoing, it is
ORDERED that the stay of proceedings [1] is lifted. It is further
ORDERED that Mr. Morrow’s motion is granted and the EAJA application is withdrawn. Pursuant to Rule 41(b) of the Court’s Rules of Practice and Procedure, this order is the mandate of the Court.

. On June 3, 2014, the Court issued a stay of proceedings pending the disposition of Waterfield v. Shinseki, U.S. Vet.App. No. 12-2169(E), which presented nearly identical facts and raised the same legal issue regarding equitable tolling as the current case. On September 11, 2014, a panel of the Court issued a nonprecedential order granting Mr. Waterfield’s motion to withdraw his EAJA application. Waterfield v. McDonald, No. 12-2169(E), 2014 U.S. Vet.App. LEXIS 1545 (Sept. 11, 2014).