*258 KASOLD, Judge:
Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), veteran Darald G. Bly applies through counsel for an award of attorney fees and expenses in the amount of $4,909.58. The Secretary moves for dismissal because the application was filed 1 day beyond the statutory 30-day filing deadline for an EAJA application. See 28 U.S.C. § 2412(d)(1)(B) (requiring that EAJA applications be filed within 30 days of a court’s final judgment). Mr. Bly argues that his filing was timely, and, alternatively, that the time to file should be equitably tolled. A panel was convened to determine whether the doctrine of equitable tolling applies to the EAJA filing period, and, if so, whether Mr. Bly has demonstrated entitlement to such tolling. See Frankel v. Derwinski, 1 Vet.App. 23, 25-26 (1990); U.S. Vet. App. Internal Operating Procedure (IOP) 1(b)(2), (4). We hold that the statutory 30-day period in which to file an EAJA application is subject to equitable tolling, but Mr. Bly has not established entitlement to equitable tolling. Accordingly, Mr. Bly’s EAJA application will be dismissed as untimely.
I. BACKGROUND & PARTIES’ ARGUMENTS
On January 5, 2016, the Court ordered that the parties’ joint motion for partial remand (JMPR) addressing the merits of Mr. Bly’s underlying appeal be granted. The January 5 order states that “[ujnder Rule 41(b) of the Court’s Rules of Practice and Procedure, this order is the mandate of the Court.” On February 5, 31 days after the order of mandate issued, Mr. Bly submitted his EAJA application. Because the application was filed beyond the statutorily required filing period, Mr. Bly was ordered to show cause why his application should not be dismissed as untimely filed. Mr. Bly argues that the January 5, 2016, Court order granting the parties’ JMPR was not a “final judgment” because, under Rule 36 of the Court’s Rules of Practice and Procedure (“Rules” or U.S. Vet. App. R.), he had 60 days after judgment to appeal to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). He therefore contends that his EAJA application filed on February 5, 31 days after the January 5 order, was timely.
The parties were subsequently ordered to file supplemental memoranda addressing (1) whether the filing period for an EAJA application is subject to equitable tolling, and, if so, what standard should govern such tolling, (2) whether equitable tolling was warranted in this case, and (3) whether there were alternative means other than tolling of ensuring that Mr. Bly’s potential VA-benefits award would not be reduced if the EAJA application was dismissed as untimely. Mr. Bly argues that equitable tolling applies to late-filed EAJA applications and urges the Court to adopt a standard of equitable tolling that inquires only into whether a veteran would be financially harmed without tolling and whether the Government would be prejudiced by tolling. Under this standard, Mr. Bly argues that—should the EAJA application be deemed untimely filed—he is entitled to equitable tolling because (1) any benefits award on remand would be reduced by contingent attorney fees that otherwise would have been offset dollar-for-dollar by an EAJA award, leading to a smaller overall award for Mr. Bly, and (2) the Government would not be prejudiced by the timing of the EAJA application.
With regard to alternative means of ensuring that his potential overall award would not be reduced by an offset of attorney’s fees, Mr. Bly asserts in his supplemental memorandum that he has no alternative means. At oral argument, he asserted that the Court may not review *259 his attorney fee agreement because the merits portion of the case had been remanded to the Board and was no longer pending before the Court.
The Secretary agrees that equitable tolling is applicable to the filing period for an EAJA application, but he argues that the test for equitably tolling the time to file an EAJA application is the same as the general test for equitably tolling a statutory time period, to wit: whether an extraordinary circumstance prevented the timely filing despite due diligence.[1] See, e.g., Lozano v. Montoya Alvarez, — U.S. -, 134 S.Ct. 1224, 1231-32, 188 L.Ed.2d 200 (2014) (describing the general requirements for the application of the doctrine of equitable tolling). The Secretary further argues that equitable tolling is not applicable in this case because the late filing here was due to counsel’s unjustified misunderstanding of the Rules, which constitutes nothing more than garden variety negligence. See Secretary’s Supplemental Memorandum in Response to the Court’s May 31, 2016 Order (Secretary’s Memo) at 10 (citing Irwin v. Dep’t of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 463, 112 L.Ed.2d 435 (1990) (noting “the principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect”)). To this end, the Secretary not only cites the Court’s Rules and caselaw, he also presents evidence that he had informed Mr. Bly’s attorney by email that Mr. Bly would be required to file the EAJA application within 30 days after the January 5, 2016, Court order granting the JMPR.
With regard to any harm to Mr. Bly, the Secretary argues that there are at least three alternative methods for ensuring that, absent the grant of an EAJA award, a veteran’s overall award is not reduced by the offset of attorney’s fees: (1) The Court may reduce any fee due under the attorney-client contract if it finds these fees excessive or unreasonable, see Secretary’s Memo at 13 (citing 38 U.S.C. § 7263); (2) the Secretary may likewise reduce any fee due under the attorney-client contract for the same reason, see Secretary’s Memo at 13-14 (citing 38 U.S.C. § 5904(c)(3)(A)); or (3) a veteran may file a malpractice suit against a counsel who untimely filed an EAJA application, see Secretary’s Memo at 14.
II. ANALYSIS

A. Mr. Bly’s EAJA application was untimely filed.

Mr. Bly argues that his EAJA application filed on February 5, 31 days after the January 5 order, was timely because on February 5 final judgment had not entered and he still had time to appeal. His argument is incorrect as a matter of law.
A party seeking an EAJA award must file an application for attorney fees and costs under EAJA within 30 days of a court’s final judgment. 28 U.S.C. § 2412(d)(1)(B). The U.S. Court of Appeals for Veterans Claims is explicitly included in the statute’s definition of “court.” 28 U.S.C. § 2412(d)(2)(F). The statute defines the term “final judgment” as “a judgment that is final and not appealable” and “includes an order of settlement.” 28 U.S.C. § 2412(d)(2)(G).
Rule 39 of the Court’s Rules of Practice and Procedure states in relevant part:
An application pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice *260 Act (EAJA), for award of attorney fees and/or other expenses shall be submitted for filing with the Clerk not later than 30 days after the Court’s judgment becomes final. See Rule 36 (Entry of Judgment) and Rule 41 (Mandate). The time for filing an application under this subsection is set by statute.
U.S. Vet. App. R. 39.
Under Rule 36, judgment is effective on “the date of a Court order on consent (i) dismissing, terminating, or remanding a case ... when the order states that it constitutes the mandate of the Court.” U.S. Vet. App. R. 36(b)(1)(B). The practitioner’s note for Rule 36 states:
Judgment is relevant to determining the expiration of time in which to file an appeal of a decision of the Court or file an application pursuant to 28 U.S.C. § 2412(d). Because entry of mandate on the docket is a ministerial act and may not occur on the date of mandate, practitioners are cautioned to use diligence when calculating time periods so as to ensure timely filings. See Rule 41.
U.S. Vet. App. R. 36
Rule 41 states that “[mjandate is when the Court’s judgment becomes final and is effective as a matter of law pursuant to 38 U.S.C. § 7291.” U.S. Vet. App. R. 41(a). Mandate generally occurs 60 days after judgment is entered unless “(1) a timely notice of appeal to the U.S. Court of Appeals for the Federal Circuit is filed with the Clerk ... or (2) mandate was issued as part of an order on consent (i) dismissing, terminating, or remanding a case ... or (3) the Court directs otherwise.” U.S. Vet. App. R. 41(b) (emphasis added). The practitioner’s note for Rule 41 states:
Mandate is relevant to determining the expiration of time in which to file an appeal of a decision of the Court or file an application pursuant to 28 U.S.C. § 2412 (d). Because entry of mandate on the docket is a ministerial act and may not occur on the date of mandate, practitioners are cautioned to use diligence when calculating time periods so as to ensure timely filings.
U.S. Vet. App. R. 41.
Here, the January 5, 2016, Court order granting the JMPR, a consensual motion, explicitly referenced Rule 41(a) and stated that the order was the mandate of the Court. Rule 41(a) makes it clear that mandate is a final judgment and it enters when issued as part of an order granting a consensual motion to remand a case. It is not clear why Mr. Ely’s counsel focused on Rule 36 when Rule 41(a) was cited in the Court’s remand order. However, Rule 36 also states that judgment is effective on the date of an order granting a consensual motion to remand a case when such order states that it is the mandate of the Court. Moreover the practitioner’s note to Rule 36 specifically directs practitioners to see Rule 41. Additionally, practitioner’s notes for both Rule 36 and Rule 41 recognize the importance of mandate and judgment dates pursuant to an EAJA application and caution practitioners to use diligence in calculating filing deadlines.
Rule 39, which explicitly addresses EAJA applications, also clearly states that such applications are to be filed not later than 30 days after judgment becomes final, and the rule immediately thereafter references Rules 36 and 41. See U.S. Vet. App. R. 39. Finally, our precedential caselaw states that, “an order granting a joint motion for a remand, which pursuant to Rule 41(b) also constitute^] the mandate, is final and not appealable.” See Bowers v. Brown, 8 Vet.App. 26, 27 (1995). Succinctly stated, Mr. Bly fails to demonstrate that his EAJA application was timely filed. See Hilkert v. West, 12 Vet.App. 145, 151 (1999) (en banc) (appellant bears burden of *261 demonstrating error on appeal), aff'd per curiam, 232 F.3d 908 (Fed. Cir. 2000) (table).

B. Equitable Tolling for Untimely-Filed, EAJA Applications

Both parties agree that equitable tolling is permissible with regard to EAJA applications that are filed late. Although the Court previously has held that equitable tolling does not apply to EAJA application deadlines, that determination was predicated on the time to file being “a jurisdictional prerequisite to government liability for attorney fees.” See Grivois v. Brown, 7 Vet.App. 100, 101 (1994). However, in Scarborough v. Principi, 541 U.S. 401, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004), the Supreme Court of the United States (Supreme Court) determined that the 30-day filing period for an EAJA application, pursuant to 28 U.S.C. § 2412(d)(1)(B), was not “jurisdictional” because the EAJA statute concerns a “mode of relief’ in matters over which the U.S. Court of Appeals for Veterans Claims already had jurisdiction. See Scarborough, 541 U.S. at 413-14, 124 S.Ct. 1856 (citing Kontrick v. Ryan, 540 U.S. 443, 454-45, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004)). Although Scarborough did not reach the question of whether equitable tolling applied to EAJA applications, the Supreme Court cited Irwin, 498 U.S. at 95-96, 111 S.Ct. 453, for the proposition that there is a “rebuttable presumption that equitable tolling is available in litigation that Congress has authorized against the United States,” see 541 U.S. at 421 n.8, 124 S.Ct. 1856 (internal quotation marks omitted).
Relying upon Scarborough, the 6th Circuit Court of Appeals held in Townsend v. Comm’r of Soc. Sec., 415 F.3d 578, 583 (6th Cir. 2005), that the EAJA application filing deadline is subject to equitable tolling. The Court finds Toumsend persuasive. Accordingly, we hold that the doctrine of equitable tolling may be applied to the 30-day time limit for filing an EAJA application.

C. Standard for Equitable Tolling for Late-Filed EAJA Applications

“As a general matter, equitable tolling pauses the running of, or ‘tolls,’ a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.” Lozano, — U.S. at -, 134 S.Ct. at 1231-32. The Federal Circuit has applied these general requirements in veteran’s benefits cases where the statutory period for filing a Notice of Appeal has been missed. See, e.g., Checo v. Shinseki, 748 F.3d 1373, 1378-80 (Fed. Cir. 2014) (adopting “stop-clock approach” to equitable tolling for a Notice of Appeal’s 120-day filing period that requires the claimant to demonstrate (1) an extraordinary circumstance, (2) due diligence, and (3) causation).
As noted above, Mr. Bly proposes an alternative standard for equitable tolling in EAJA application cases based on two inquiries: (1) Whether the veteran would be financially harmed if the EAJA petition were to be dismissed as untimely, and (2) whether the Government would be prejudiced by tolling the EAJA filing deadline. In support of his proposal, he cites Molden v. Peake, 22 Vet.App. 177, 181 (2008) (suspending the practitioner requirement of Rule 46 of the Court’s Rules of Practice and Procedure because of the potential financial harm to the veteran in the dismissal of the EAJA application) and a concurring opinion in Morrow v. McDonald, 27 Vet.App. 92 (2014) (Greenberg, J., concurring) (proposing the test Mr. Bly now advocates). We do not find these citations apposite or persuasive.
Molden held that a premature EAJA application, filed prior to mandate, may be held and treated as later filed. See Molden, 22 Vet.App. at 181 (citing March v. Brown, *262 7 Vet.App. 163, 166 (1994), aff'd, 74 F.3d 1260 (Fed. Cir. 1996)). Molden did not involve equitable tolling; rather, it involved an attorney whose EAJA application did not comply with Court Rules as to representation.[2] As to Morrow, the concurring opinion is not precedential and, with great respect for our colleague—who happens to be the same Judge writing separately in this case—we are not convinced that a separate test is warranted for assessing equitable tolling in EAJA application cases. Indeed, the standard for determining tolling of an EAJA application deadline proposed by our colleague and now by Mr. Bly would essentially swallow the statutory rule that an EAJA application is due within 30 days of final judgment. See 28 U.S.C. § 2412(d)(1)(B). This is because in virtually every case where an EAJA application is untimely filed in this Court there could be eventual financial harm to a veteran who is successful, on remand, in receiving an award of benefits. Although financial harm to veterans and VA claimants is a concern, there are other ways to avoid such harm—beyond carving out a novel test for applying equitable tolling when an EAJA application is untimely, as discussed in section II.E below.

D. Applying Equitable Tolling

The Court concludes that Mr. Bly has not alleged, much less demonstrated, the existence of an extraordinary circumstance. See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (“Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.”); see also Checo, 748 F.3d at 1378-80. Mr. Bly did not suggest, either in his March 10, 2016, response to the Court’s show cause order or in his June 30, 2016, supplemental memorandum of law, that Rules 36 and 41 were confusing. Counsel alluded to that possibility at oral argument, but, on questioning, stated that he had no confusion. He reiterated the view that he believes he had 60 days to file an appeal to the Federal Circuit under Rule 36 and that, therefore, the EAJA application was not untimely. Oral Argument at 15:35-18:05, Bly v. McDonald, U.S. Vet.App. No 15-0502 (argued July 12, 2016), http://www.uscourts.cavc.gov/oraL arguments_audio.php. In response to further questioning, counsel admitted that he was not involved in calendaring the due date for the EAJA application, and he had not questioned those in his firm regarding any confusion. Id. at 19:10-19:45.
As noted earlier, the Court’s January 5, 2016, remand order expressly stated that the order served as mandate and cited Rule 41, which states that “[mjandate generally is 60 days after judgment entered *263 unless ... mandate was issued as part of an order on consent ... remanding a case.” U.S. Vet. App. R. 41(b). Additionally, the Secretary presented evidence that Mr. Ely’s attorney was informed via email from Secretary’s counsel that Mr. Bly was required to file the EAJA application -within 30 days after the January 5, 2016, Court order granting the JMPR. See Secretary’s Memo at 9-10. Although Mr. Bly asserted at oral argument that he was not bound by advice from opposing counsel, he offered no reason why such advice might not have prompted him to review the Rules. See, e.g., Townsend v. Soc. Sec. Admin., 486 F.3d 127, 134-35 (6th Cir. 2007) (finding that it should have been clear to Townsend that a denial of a motion did not reset the deadline, particularly where research would have revealed the proper filing deadlines and where a diligent applicant would have filed an EAJA application sooner). Further, if Mr. Bly was unsure of the EAJA filing deadline after reviewing the January 5, 2016, order and the Court’s Rules, a review of the applicable caselaw would have informed him that “an order granting a joint motion for a remand, which pursuant to Rule 41(b) also constitute[s] the mandate, is final and not ap-pealable,” Bowers, 8 Vet.App. at 27, and thus there would be no need to allow for a 60-day appeal period to the Federal Circuit, see also Westfall v. McDonald, 27 Vet.App. 341, 344-45 (2015) (addressing the distinctions between judgment, date of mandate, and entry of mandate).
Therefore, the Court finds that the untimely filing of Mr. Ely’s EAJA application due to attorney misunderstanding of the correct filing date, where research would have revealed the filing period, is not an extraordinary circumstance. See Townsend, 486 F.3d at 134 (tolling not warranted where diligent research would have revealed the correct filing deadline); see also Irwin, 498 U.S. at 96, 111 S.Ct. 453 (noting “the principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect”). In sum, Mr. Bly has not shown an extraordinary circumstance, or, for that matter, due diligence, that would warrant tolling of the EAJA filing period.[3]

E. Protecting Any Past-Due Benefits Award

The Secretary argues that there are means of ensuring that any potential past-due benefits award that Mr. Bly receives on remand is not reduced as a result of dismissal of the untimely EAJA application. Secretary’s Memo at 11-16. He suggests that the Court might find the contingency portion of the fee agreement unreasonable “because the untimely filing of the EAJA application deprived the appellant of the potential reimbursement that would have resulted from a grant of past-due benefits and an EAJA award.”[4] See Id. at 14-15.
*264 We agree with the Secretary that 5904 and 7263 of title 38, U.S. Code, provide authority to the Secretary and the Court to consider whether a fee agreement might be excessive or unreasonable when an agreed offset of EAJA fees cannot be consummated because the attorney failed to timely file an EAJA application. See 38 U.S.C. § 7263(c) (“The Court, on its own motion or the motion of any party, may review ... a fee agreement.”); 38 U.S.C. § 7263(d) (in reviewing a fee agreement under section 7263(c), the Court may “order a reduction in the fee called for in the agreement if it finds that the fee is excessive or unreasonable”); 38 U.S.C. § 5904(c)(3)(A) (Secretary may reduce fee as excessive or unreasonable upon claimant’s request). As to section 5904, it is clear that the Board has the authority to consider whether a fee agreement is excessive or unreasonable. See Scates v. Gober, 14 Vet.App. 62, 64 (2000) (“The Board is specifically provided with original jurisdiction as to fee agreements, to ‘review1 sua sponte or at the request of either party a fee agreement filed with the Board, and it ‘may order a reduction in the fee called for in the agreement if the Board finds that the fee is excessive or unreasonable.’ ” (citing 38 U.S.C. § 5904(c)(2))), aff'd as modified sub nom. Scates v. Principi, 282 F.3d 1362, 1366-69 (Fed. Cir. 2002) (noting that the regional office, not the Board, is the appropriate agency to make factually specific inquiries necessary to resolve the attorney fee dispute).
The Court has repeatedly affirmed that the statutory history governing payment of attorney fees in the VA benefits context reflects “congressional intent to protect veterans benefits from improper diminution by excessive legal fees,” and the Court has noted that many veterans could be deprived of rightful benefits if the Court allowed all attorneys, without regard to individual circumstance, to collect a full 20% of past-due benefits. Lippman v. Shinseki, 23 Vet.App. 243, 253-54 (2009) (quoting Scates, 282 F.3d at 1366). Caselaw is clear that in reviewing fees for reasonableness, the Secretary may consider not only the factors set forth in 38 C.F.R. § 14.636(e) but also other factors pertinent to the specific circumstances of the case. See Lippman, 23 Vet.App. at 253-54 (referencing § 14.636(e) factors as well as those set forth in Scates, 282 F.3d at 1368-69, where during the appeal process an attorney was replaced with a successor); Lippman v. Nicholson, 21 Vet.App. 184, 189-90 (2007) (noting that, “in the veterans-claim context ... direct payment of attorney fees is limited by law to 20 percent of past-due benefits, and is further limited to a reasonable fee under the circumstances of tiie case” (emphasis added)); see also § 14.636(e) (2016) (indicating that considerations relevant to determining reasonableness of fees include extent and type of services performed, complexity of case, level of skill and competence required, time spent, results achieved, level of review to which the claim was taken and at which the attorney was retained, rate charged by other representatives, and whether and to what extent payment was contingent on results). Thus, because protection against benefit diminution by potentially excessive or unreasonable fees is an important concern consistent with congressional intent, should Mr. Bly be awarded past-due benefits on remand, any fee agreement review by the Secretary *265 may consider the fact that the Court dismissed the EAJA application as untimely.
Additionally, contrary to Mr. Ely’s assertion at oral argument that his appeal is not currently pending before the Court and the Court therefore may not review his attorney fee agreement, Mr. Ely’s EAJA application is “ ‘a component part of an integrated case’ and not a separate action from the merits phase of the litigation,” and the Court therefore has jurisdiction to review the existing fee agreement. See Jackson v. Shinseki, 23 Vet.App. 27, 31 (2009) (citing Comm’r, INS v. Jean, 496 U.S. 154, 161-62, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990)). Although the Court is empowered to review and modify the attorney client fee agreement in this case, see id, the underlying merits case was remanded for further adjudication such that any award of benefits remains speculative at this point. Accordingly, we believe it appropriate that the Secretary take into consideration our holding today when considering the payment of any attorney fees under 38 U.S.C. § 5904(c)(3)(A), a decision that ultimately will “be subject to de novo review by this Court,” see Carpenter v. Principi, 15 Vet.App. 64, 70 (2001).
III. CONCLUSION
Upon consideration of the foregoing, Mr. Bly*s EAJA application is DISMISSED as untimely.

. In his brief, the Secretary presents an attorney’s incapacitating mental or physical illnesses that directly results in untimely filing as an additional justification for the application of equitable tolling; we consider such an occurrence to be within the meaning of an “extraordinary circumstance.”

. Although our dissenting colleague relies on Molden for the suggestion that the consequences of a failure to follow Court Rules should be waived based on prejudice to the veteran, we note that Molden did not involve noncompliance with a statutory rule or equitable tolling of a statutory filing period. Moreover, the Supreme Court has rejected the mere absence of prejudice as a sufficient basis for determining when the doctrine of equitable tolling should be applied, and we see no reason for holding otherwise. See Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures.”). Finally, as discussed in section II.E of our opinion, the Secretary may consider whether a fee agreement might be excessive or unreasonable when an agreed offset of EAJA fees cannot be consummated because the attorney failed to timely file an EAJA application.

. Although we agree with our dissenting colleague that attorneys should be encouraged to represent veterans, we do not agree that our holding today discourages that goal. Indeed, we believe our holding today should encourage attorneys to be diligent in their adherence to statutory requirements and Court orders. Cf. Mohasco Corp. v. Silver, 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980) ("In the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.”). Similarly, although we agree that lawyers should be paid for their work, EAJA awards are payable to the client, not the attorney, see, e.g., Phillips v. Gen. Servs. Admin., 924 F.2d 1577, 1582 (Fed. Cir. 1991) (per curiam) (noting that EAJA fees are paid to the prevailing party, not the attorney), and the fee ultimately paid to Mr. Bly’s attorney will be determined pursuant to their agreement.

. As the Secretary also argues, veterans and VA claimants may bring legal malpractice ac *264 tions against counsel. Secretary’s Memo at 14. Cf. Overton v. Nicholson, 20 Vet.App. 427, 445 n. 2 (2006) (Lance, J., concurring) ("To the extent that an attorney may be incompetent, the law does not leave a claimant without remedy. The claimant’s remedy is against the attorney in a claim for legal malpractice.”).