# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 19-0678(E)

CHARLES R. COLEY,                                                                    APPELLANT,

V.

ROBERT L. WILKIE,
SECRETARY OF VETERANS AFFAIRS,                                        APPELLEE.

Before PIETSCH, ALLEN, and TOTH, *Judges.*

## O R D E R

On January 31, 2019, the appellant Charles R. Coley filed through counsel a Notice of Appeal from an October 25, 2018, Board of Veterans' Appeals decision that denied entitlement to service connection for hypertension and residuals of a stroke, also claimed as memory loss, both including as secondary to sleep apnea. The Board also denied entitlement to a total disability rating based on individual unemployability (TDIU). On August 14, 2019, the parties filed a joint motion for remand, which the Court granted on August 27, 2019.

On September 26, 2019, the appellant filed an application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). On October 24, 2019, 4 days before his response was due, the Secretary filed a motion for an extension of time to file his response as well as a motion to stay proceedings in this matter until the Court ruled on the motion for an extension of time. Under Rule 26(b) of the Court's Rules of Practice and Procedure, such an extension of time is available to a party who shows "good cause" for the extension. On October 29, 2019, the appellant filed an opposition to the Secretary's motions, arguing that an extension of time under our Rule 26(b) subverts the purposes of EAJA, and, because the Secretary had not filed a timely response to the appellant's EAJA application, the Court was limited to either (1) denying the EAJA application if we determined the Government's position was substantially justified, or (2) granting the application because without an opposition the Government had not carried its burden to show substantial justification.[1]

On November 1, 2019, the matter was sent to a panel to address whether the application of Rule 26(b) to provide the Secretary an extension of time to file his EAJA response based only on a showing of "good cause" frustrates the purposes of EAJA or is otherwise unlawful.  On November 18, 2019, the Court ordered the parties to submit supplemental briefing on the matter. After supplemental briefing was completed, on January 15, 2020, the Court granted Kala Barber's motion for leave to file an amicus brief in this matter and her brief was accepted as filed that same day.[2]

---

[1] *See* Appellant's Oct. 29, 2019, Opposition at 1.

[2] Judge Pietsch dissented from both that order and the supplemental briefing order.

## I. LAW AND ARGUMENTS

In the context of veterans claims, the purpose of EAJA is to "ensure that litigants 'will not be deterred from seeking review of, or defending against, unjustified government action because of the expense involved.'"[3] Congress spoke directly to how a prevailing party in litigation against the Government was to initiate its request to obtain an award pursuant to the statute. Congress provided that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses" making certain showings.[4] The Supreme Court has made clear that this 30-day period for filing an EAJA application is not jurisdictional.[5] Our Court has interpreted the Supreme Court's ruling to mean that our Court may apply the doctrine of equitable tolling to EAJA applications.[6] Although Congress did recommend some adjudicatory principles for courts to apply to an EAJA application when it comes time to issue a dispositive ruling, Congress did not instruct courts how they should process and develop a properly and timely filed application.

Congress explicitly provided this Court with "broad discretion to prescribe and apply its own rules."[7] Under that authority, the Court incorporated section 2412(d)(1)(B) into our Rule 39(a) by requiring that an EAJA application "shall be submitted for filing with the Clerk not later than 30 days after the Court's judgment becomes final." While our Rule 39(a) does not say so, that 30-day filing requirement is subject to equitable tolling under established law.[8] Our Court also exercised its authority to prescribe rules to deal with a matter Congress did not address in the EAJA statute. Specifically, we established a 30-day timeline for the Secretary to file his EAJA response.[9] Pertinent to this matter, and as we noted above, the Court's Rule 26(b) provides that "[t]he Court may grant an extension of time not to exceed a total of 45 days for any particular filing for good cause," and that includes a response to an EAJA application.[10]

The parties do not dispute that (1) Congress set the timeline for an applicant to file an EAJA application; (2) Congress did not establish a deadline for the Government to exercise its

---

[3] *Wagner v. Shinseki,* 640 F.3d 1255, 1258 (Fed. Cir. 2012) (quoting *Scarborough v. Principi*, 541 U.S. 401, 407 (2004)).

[4] 28 U.S.C. § 2412(d)(1)(B). Section 2412(d)(1)(B) further provides that the applicant must

> show[] that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified.

[5] *Scarborough*, 541 U.S. at 414; *see Townsend v. Comm'r of Soc. Sec.,* 415 F.3d 578, 583 (6th Cir. 2005).

[6] *Bly v. McDonald*, 28 Vet.App. 256, 261 (2016), *vacated on other grounds sub nom. Bly v. Shulkin*, 883 F.3d 1374 (Fed. Cir. 2018).

[7] *Checo v. Shinseki*, 748 F.3d 1373, 1377 (Fed. Cir. 2014); *see* 38 U.S.C. § 7262(a).

[8] *Scarborough*, 541 U.S. at 414; *Townsend,* 415 F.3d at 583; *Bly*, 28 Vet.App. at 261; *Morrow v. McDonald*, 27 Vet.App. 92, 93-94 (2014) (Greenberg, J., concurring).

[9] U.S. Vet. App. R. 39(b).

[10] U.S. Vet. App. R. 26(b); *see White v. Nicholson*, 19 Vet.App. 211, 214 (2005).

responsibilities under section 2412(d)(1)(B) to respond to an EAJA application; and (3) the Court has "broad discretion to prescribe and apply its own rules."[11] Rather, the basis for the dispute we face today is the a difference between the "extraordinary circumstances" standard that an applicant must satisfy to equitably toll the statutorily imposed deadline for submitting an EAJA application and the "good cause" standard that the Secretary must satisfy to extend the Court-imposed deadline to file an EAJA response.

Appellant focuses on the difference in these two standards when he argues that the Court's use of Rule 26(b) to allow the Secretary additional time to respond to EAJA applications fails to keep the parties on "equal footing."[12] Because an EAJA applicant is required to show "extraordinary circumstances" to receive additional time to file an EAJA application though the Secretary need only show "good cause" under Rule 26(b), he asserts that the grant of an extension of time under the Rule 26(b) standard to file a response to an EAJA application is both contrary to section 2412(d)(1)(B) and an abuse of this Court's discretion. He concludes that because the Secretary did not show that an extraordinary circumstance prevented him from timely filing an EAJA response despite his diligent efforts, the Court should deny his motion for extension of time.[13]

The Secretary argues that the Court's "long-standing practice of granting motions for extensions of time to file [an] EAJA response has not had a chilling effect on appellants pursuing their right to challenge VA action"—the purpose of EAJA.[14] He further contends that "Congress's silence on imposing a mandatory statutory period for the government to respond indicates that there is none, and, thus, nothing that would preclude the Court from granting a routine extension of time upon a showing of good cause."[15] He urges we should reject the appellant's arguments about the invalidity of Rule 26(b) and grant his motion for an extension. While we don't accept that the longstanding nature of a practice insulates it from serious review, we think the Secretary otherwise has the better argument.

## II. ANALYSIS

A. *The Court's "good cause" standard under Rule 26(b) is not inconsistent with the EAJA statute.*

In section 2412(d)(1)(B), Congress expressly provided the deadline for a prevailing party in litigation against the Government to file an EAJA application. In contrast, there is nothing in the statute establishing a deadline for the Government to respond to the application.[16] "When Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the

---

[11] *Checo*, 748 F.3d at 1377; *see* 38 U.S.C. § 7262(a); *see also* Appellant's Oct. 29, 2019, Opposition at 6-7; Secretary's Brief (Br.) at 3-5.

[12] Appellant's Supplemental Br. at 7.

[13] *Id.* at 6-7.

[14] Secretary's Br. at 2-3.

[15] *Id.* at 4.

[16] *Tropf v. Nicholson*, 20 Vet.App. 317, 321 n.1 (2006).

disparate inclusion or exclusion."[17] Had Congress desired to establish a time limit for the Government, it could have easily done so. It did not. In short, Congress left a gap to fill in terms of processing an EAJA application.

Because Congress chose not to set a time limit for the Government's response under section 2412(d)(1)(B), the Court acted under its authority to prescribe EAJA application processing rules. In other words, we filled the gap Congress left.[18] We did so in Rule 39(a) in which we first mirrored the 30-day requirement for a prevailing party to file an application that appears in the EAJA statute. No one takes issue with that choice or with the fact that we also adopted a 30-day period for the Secretary to file a response. But we permitted Rule 26(b), the Court's general rule for seeking extensions of time for filings based on a showing of "good cause," to apply to the Secretary's Court-imposed 30-day EAJA response period. The Court specifically stated that Rule 26(b) did not apply for initial EAJA applications as caselaw dictated that a higher burden of "extraordinary circumstances" was required for equitable tolling if an applicant misses the 30-day statutory deadline. We conclude that choice was lawful.

To begin with, the imposition of a "good cause" standard is not inconsistent with the EAJA statute. The reason is simple: Congress said nothing at all about the subject. The appellant does not seriously dispute that point. His primary argument is that the "good cause" standard is inconsistent with the general purpose of the EAJA statute. We disagree. Congress made it clear that EAJA is intended to place the Government and civil litigants on "equal footing" in the sense of "improv[ing] citizen access to courts and administrative proceedings."[19] We cannot conclude that granting relatively brief extensions of time under the "good cause" standard seriously threatens that purpose. The appellant has presented us with no evidence that such extensions of time have reduced the incentive for attorneys to represent veterans in this Court, much less evidence indicating that a reduction in attorney participation has undermined veteran access to the judicial review that we offer.

*B. The Court's "good cause" standard under Rule 26(b) is lawful.*

Having concluded that the Secretary's opportunity to obtain an extension of time to file an EAJA response for "good cause" is not inconsistent with the EAJA statute or its general purpose, we are left with the question whether application of the "good cause" standard in Rule 26(b) to Rule 39(a)(1) is arbitrary, capricious, or otherwise unlawful.[20] It is not. Of course, a "good cause"

---

[17] *Russello v. United States*, 464 U.S. 16, 23 (1983).

[18] *See* 38 U.S.C. §§ 7262(a), 7264(a).

[19] H.R. REP. 96-1418, at 4987, 4991.

[20] 38 U.S.C. § 7264(a); *see McGee v. Wilkie*, 31 Vet.App. 368, 371 (2019) (stating that the Court has the implied authority to interpret its own rules); *see also Bly v. Shulkin*, 883 F.3d at 1377 (recognizing the Court's authority to promulgate its own rules, but finding that the statute controls when the Court's rule differed from the corresponding statute); *cf. United States v. Scheffer*, 523 U.S. 303, 308 (1998) (concluding that the state court's rule for admitting evidence in a criminal case was neither "'arbitrary'" nor "'disproportionate to the purposes they are designed to serve'" (quoting *Rock v. Arkansas*, 107 Sup. Ct. 2704, 2711 (1987))).

standard is easier to satisfy than one based on "extraordinary circumstances."[21] But adopting the lower "good cause" standard in Rule 26(b) makes good sense.

First, while the congressional direction that a prevailing party in litigation against the Government file an EAJA application within 30 days of judgment is not jurisdictional, it is an important litigation event crafted as part of the Government's decision to waive its sovereign immunity.[22] Once the Court accepts a timely filed application, it must concern itself with properly adjudicating that application, a different matter altogether, with different institutional implications and adjudicatory demands. It is entirely reasonable for the Court to control EAJA litigation in the manner it deems necessary to produce a fair and accurate result.

Second, the "good cause" standard is commonly used in Federal procedure.[23] Thus, the adoption of a well-worn standard for addressing procedural matters is not arbitrary. "Good cause" is easy for litigants in this Court to understand and argue, both by reference to our consistent application of that standard to countless motions and to its appearance in Federal practice in general.[24]

Third, allowing for extensions based on "good cause" as opposed to "extraordinary circumstances" is consistent with the overarching purposes of the veterans benefits system. The Government has an obligation to ensure that funds from the public fisc are not spent inappropriately, which would happen if the Government did not scrutinize EAJA applications.[25] If the Court allowed extensions of time for the Secretary to respond to an EAJA application only if there were "extraordinary circumstances," we may force him to choose between expending his resources on his mission to efficiently and effectively address veterans' appeals on the merits before the Court and protecting public funds by thoroughly reviewing EAJA applications. That is inconsistent with the overall goal of the veterans benefits system.[26] Adopting the "good cause"

---

[21] *Compare Smith v. Shinseki,* 26 Vet.App. 406, 409-11 (2014) (providing that *Black's Law Dictionary* defines "good cause" as a "'legally sufficient reason' for an action and is 'often the burden placed on a litigant (usu[ally] by court rule or order) to show why a request should be granted or an action excused'" (alteration in original)), *with Evans v. Shinseki*, 17 Vet.App. 41, 53-54 (2003) (providing that *Black's Law Dictionary* defines "extraordinary circumstances" as "'[a] highly unusual set of facts that are not commonly associated with a particular thing or event'" (alteration in original)).

[22] *See Scarborough*, 541 U.S. at 414.

[23] *See, e.g.*, FED. R. CIV. P. 4, 6, 15, 16, 65; FED. R. APP. P. 4, 26, 30, 31.

[24] *See , e.g., Skaar v. Wilkie*, __Vet.App.__, ___, 2019 WL 6647587, at *21 (U.S. Vet. App. Dec. 6, 2019) (en banc order) (recognizing the utility of using other Federal rules as guides when we address similar issues); *Wilkie*, 30 Vet.App. 167 (2019); *Demery v. Wilkie*, 30 Vet.App. 430 (2019); *McCreary v. Nicholson*, 19 Vet.App. 324, 330-31 (2005) (explaining that the Court incorporated the standards used by other courts when determining when equitable tolling based on extraordinary circumstances will be applied).

[25] *See, e.g., Brock v. Pierce Cty.*, 476 U.S. 253, 259-60 (1986); *Rhodan v. West*, 12 Vet.App. 55, 58 (1998).

[26] VA continues to develop ways to efficiently address the merits of veterans' claims, as evidenced by the creation of a modern review system that streamlines the veterans claims process. *See generally* Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55, 131 Stat. 1105 (Aug. 23, 2017); VA Claims and Appeals Modernization, 84 Fed. Reg. 138 (Jan. 18, 2019) (final rule).

standard appropriately balances the importance of focusing on merits determinations with the need to provide timely and correct processing of EAJA applications.

### III. CONCLUSION

Having concluded that Rule 26(b) is lawful, we will apply it to the motion before us. Under 38 U.S.C. § 7264(a), this Court clearly has the authority to interpret its rules of practice and procedure.[27] We conclude that the appellant's opposition to the Secretary's motion is unconvincing and that the Secretary's workload considerations paired with the voluminous nature of the appellant's EAJA application as well as the need to seek supervisory approval reflect good cause sufficient to grant an extension of time here. Therefore, the Court will grant the Secretary's motion for an extension of time to file his EAJA response.

Finally, because the Court has granted the Secretary an extension of time to file his EAJA response, the Court will not address its review of EAJA applications where the Secretary fails to submit a response or a requested extension is not granted. Those circumstances are not present here. To be clear, we express no opinion on that matter.

Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion to stay proceedings is denied as moot. It is further

ORDERED that the Secretary's motion for an extension of time to file his EAJA response is granted. It is further

ORDERED that the Secretary must file his response not later than 45 days from the date of this order. And it is further

ORDERED that once the Secretary has filed his response the remainder of the EAJA proceedings will continue in accordance with the Court's Rules. *See* U.S. APP. VET. R. 39.

DATED: February 5, 2020                                        PER CURIAM.


ALLEN, *Judge*, concurring: I join the opinion of the Court in full. I write separately to make an important point–one that parties appearing before the Court should take to heart. Litigants are not *entitled* to an extension of time as a matter of right. Entitlement to an extension of time is granted at the Court's discretion and on a case-by-case basis. And if the Court does not act on a motion before the relevant document is due, that document is due in the time provided by the Rules.[28] In this matter, the Court implicitly exercises its authority to suspend Rule 26(b)(3). I agree that to do so is appropriate given the unique nature of the dispute raised by the parties that required a precedential order, but at least for me parties should plan accordingly in other matters as that may not always be the case.

---

[27] *McGee v. Wilkie*, 31 Vet.App. 368, 372 (2019).

[28] U.S. VET. APP. R. 26(b)(3).